## SCOTT v. UNITED STATES.
### No. 2155.

Circuit Court of Appeals, Tenth Circuit.
Oct. 17, 1940.

Rehearing Denied Nov. 8, 1940.

Writ of Certiorari Denied Jan. 13, 1941.

See 61 S.Ct. 449, 85 L.Ed. ——.

138

Guy D. Duncan, of Denver, Colo. (C. L. McGuire, of Oklahoma City, Okl., on the brief), for appellant.

Cleon A. Summers, U. S. Atty., of Muskogee, Okl., for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

An indictment containing two counts was returned in the United States Court for Eastern Oklahoma. The first count charged that appellant and five other named persons conspired together and with others unknown to the grand jury to commit the crime of perjury in the trial of a certain civil case pending that court involving the estate of Jackson Barnett, deceased. Six overt acts were pleaded, each being that one of the named persons gave false testimony in the trial of such case. The second count charged that appellant committed perjury while testifying in the trial of the case mentioned. Appellant was found guilty on both counts and was sentenced on each to a term of two years in the penitentiary, with provision that the sentences should run concurrently.

The government has not filed a motion to dismiss the appeal but suggests in its brief that it should be dismissed for the reason that the notice of appeal was filed six days after entry of the judgment, and that a copy of such notice was not served upon the United States Attorney. The pertinent part of Rule III of the Criminal Appeals Rules, 292 U.S. 661, 54 S.Ct. xxxvii, 28 U.S.C.A. following section 723a, provides that an appeal shall be taken within five days after entry of the judgment of conviction, and that it shall be taken by filing with the clerk a notice, in duplicate, stating that the defendant appeals, and by serving a copy of such notice on the United States Attorney; and Rule XIII provides that in computing time, as specified in such rules, Sundays and legal holidays shall be excluded. The judgment in this case was entered on June 4, 1940, and the notice of appeal was filed with the clerk on June 10th. One of the intervening days was Sunday and must therefore be excluded in computing time. It is clear that the notice was seasonably filed. The record fails to indicate that a copy of the notice was served upon the United States Attorney, as required by the rule; but in the absence of a motion to dismiss the appeal, we do not explore the question of the effect of such omission. Instead, we come to the merits of the case.

Although the indictment was not attacked in the trial court by demurrer or motion to quash, the contention is advanced here that it was fatally defective in that appellant and five others were charged in one count with the crime of conspiracy to commit perjury, and appellant alone was charged in the other count with the substantive offense of perjury. It is urged that this constitutes an improper joinder of charges. It is well settled that a conspiracy to commit a crime and the substantive crime of which the conspiracy is the object may be laid as separate counts in a single indictment, and that sentence may be imposed upon each count. Perry v. United States, 10 Cir., 18 F.2d 477; Hood v. United States, 10 Cir., 23 F.2d 472, certiorari denied, 277 U.S. 588, 48 S.Ct. 436, 72 L.Ed. 1002; Caringella v. United States, 7 Cir., 78 F.2d 563; Beard v. United States, 65 App.D.C. 231, 82 F.2d 837, certiorari denied, 298 U.S. 655, 56 S.Ct. 675, 80 L.Ed. 1382; Stern v. United States, 7 Cir., 85 F.2d 394, certiorari denied, 299 U.S. 576, 57 S.Ct. 40, 81 L.Ed. 424.

Next comes the contention that the court erred in denying the petition of appellant for a writ of habeas corpus. The petition was lodged in the trial court while appellant was incarcerated upon the charges contained in the indictment. It charged in meager and general language that appellant was a citizen of the United States, and that he had been and was being restrained of his liberty without due process of law. By return, the Marshal pleaded the return and pendency of the indictment,

and the detention of appellant in default of the giving of bail. No reply was filed. The argument is that the petition should have been granted for the reason that the indictment was fatally defective in that it improperly undertook to charge two separate and distinct offenses; that the indictment was returned before entry of the decree in the civil case determining the question whether appellant was· an heir of Jackson Barnett, deceased, and therefore entitled to share in the estate; and that a copy of the indictment had not been served upon appellant. There is no need to decide whether either of these questions could be determined in habeas corpus. It is enough to say that the pleadings did not allege even indirectly or remotely facts which presented them for determination.

■ It is further contended that appellant was denied due process by the failure of the court to appoint capable and disinterested counsel to represent him immediately after C. L. McGuire, counsel of his own choice, withdrew from the case on account of deafness. It is recited in the record that in October, 1939, immediately after the denial of the petition for the writ of habeas corpus, McGuire withdrew from the case with the consent of appellant and the permission of the court; and it is further recited that in April, 1940, when the case came on for trial, appellant was represented by McGuire, and by two other named attorneys appointed by the court. But there was no request at any earlier time that counsel be named; and furthermore, McGuire appeared as counsel at the trial, signed two written motions which were filed during the trial, signed a motion for new trial, signed the notice of appeal, signed the assignment of errors, and signed the brief in chief and the reply in this

court. It certainly cannot be said that appellant suffered denial of due process for failure to appoint counsel to represent him where he was thus represented by counsel of his own selection, where other counsel were appointed at the trial to assist him, and where no request or suggestion for the appointment of counsel was made at an earlier time.

■ The remaining complaints may be considered together. They are that the court excluded as evidence the depositions of certain persons taken in the civil case involving the estate of Jackson Barnett, deceased, and on file in the court, it being said that such evidence went to the very heart of appellant's case, and that the persons giving the depositions were dead; that none of the testimony introduced in the case was taken in shorthand, except the cross-examination of the last three witnesses for appellant, and that in the presence of the jury the United States Attorney demanded and the court permitted the official reporter to be called and the cross-examination of such witnesses taken in shorthand; that the United States Attorney was permitted to introduce and flourish in the presence of the jury certain incompetent, unauthorized and flamboyant photostats of vast size which were never identified or used by appellant, all for the purpose of prejudicing the jury; and that the instructions were incorrect. But the contentions are met with an insurmountable difficulty. The record before us does not contain a statement of facts, a bill of exceptions, a transcript of the proceedings which occurred during the trial, or the instructions. That condition of the record makes it impossible to explore the questions.

The judgment is affirmed.