Thomas **KERNICK**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 15702.

United States Court of Appeals
Eighth Circuit.

April 9, 1957.

Daniel D. Glasser, Chicago, Ill., for appellant.

Edward L. Scheufler, U. S. Atty., and Paul R. Shy, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before GARDNER, Chief Judge, and SANBORN and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal in forma pauperis from a judgment and sentence the legality of which is challenged upon the sole ground that the evidence which resulted in the conviction of the defendant (appellant) was procured through an illegal search and seizure and should have been suppressed.

Under the first count of a two-count indictment, the defendant was charged with having on June 17, 1956, at Kansas City, Missouri, facilitated the transportation, concealment and sale of heroin hydrochloride, knowing it to have been unlawfully imported into the United States. 21 U.S.C.A. § 174. In the second count of the indictment he was charged, under 26 U.S.C. § 4724(b), with having carried and delivered this same contraband drug in interstate commerce from Chicago, Illinois, to Kansas City, Missouri.

The defendant entered a plea of not guilty to the indictment, waived trial by jury, and moved to suppress the evidence of the Government on the ground that it was obtained by unlawful search and seizure in violation of the defendant's rights under the Fourth Amendment to the Constitution of the United States, which provides that "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

At the trial it was agreed that the issues raised by the motion to suppress and the defendant's plea of not guilty should be tried together. There was no dispute as to the facts. The uncontradicted evidence of the Government, if admissible, established the guilt of the defendant to a mathematical certainty. The District Court concluded that the Government's evidence was admissible; denied the defendant's motion to suppress it; found the defendant guilty; and imposed the sentence from which this appeal is taken.

Without going into needless detail, the following are the facts upon which the question of the admissibility of the Government's evidence depended.

Fred B. Young, an undercover Federal Narcotic Agent, employed in Chicago, Illinois, posing as a dealer in illicit narcotics in Kansas City, Missouri, had dealings with the defendant in Chicago and obtained a sample of heroin from him on May 8, 1956. On that date Young signed a complaint against the defendant before a United States Commissioner in Chicago, and on May 9, 1956, obtained a warrant for the defendant's arrest. The warrant, however, was never used.

Young kept in touch with the defendant and, prior to June 17, 1956, succeeded in arranging to have him sell and deliver heroin to Young in Kansas City. On June 16 the defendant, from Chicago, telephoned Young, in Kansas City, that he would arrive in Kansas City on June 17 or 18 for the purpose of delivering to Young nine ounces of heroin. The defendant arrived in Kansas City on the morning of Sunday, June 17, called Young at his hotel, and asked him to meet the defendant at the Kansas City Union Station. They met in the Station at about 8:30 a. m. Young asked the defendant to get the heroin and said that he (Young) would go to his hotel and secure the purchase money. The defendant said that he had the heroin hidden in the Station and that he would not deliver it until Young brought the money there.

Young agreed to return to his hotel to get the money; but, upon leaving the defendant, he gave a prearranged signal to two other Federal Narcotic Agents, in the lobby of the Union Station, to place the defendant under arrest. The arrest was made in the south portion of the lobby at about 9 a. m. The two agents made a preliminary search of the defendant in or near the doorway in front of the Station. They found on his person a key to one of the luggage lockers located in the Station. The locker yielded a Gladstone suitcase containing

clothes. A thorough search of the defendant in the "police room" of the Station, off the lobby and next to the baggage room, was made. In one of the defendant's shoes the agents found a Santa Fe baggage check.

One of the agents took the check, went to the Santa Fe baggage room in the Station, identified himself to the man in charge of the room, showed the claim check, signed a receipt for and received a locked green metal suitcase, which he took to the police room. Young, after re-entering the station and entering the police room and after having told the defendant that he (Young) was a Narcotic Agent, asked the defendant what was in the suitcase, and was told by him that it contained the nine ounces of heroin which he had brought from Chicago to sell to Young. Young then asked the defendant where the key to the suitcase was, and he pointed to a package of cigarettes which had been taken from his person and which was lying on a table in the police room. The key was removed from the package, the suitcase was opened, and the heroin was found wrapped in a throw rug.

The Narcotic Agents had no search warrant when they arrested the defendant, searched his person, found the baggage claim check in his shoe and thus discovered where he had concealed the heroin, and seized it. Concededly, the search for and seizure of the heroin was incidental to the lawful arrest of the defendant. He asserts that the search was unreasonable and the seizure wrongful for two reasons: (1) the search was out of bounds in that it was not confined to the immediate premises where the arrest was made, and (2) the search was of premises not within the defendant's control.

■ It is unreasonable searches that are prohibited by the Fourth Amendment. Carroll v. United States, 267 U.S. 132, 147, 45 S.Ct. 280, 69 L.Ed. 543; United States v. Rabinowitz, 339 U.S. 56, 60, 70 S.Ct. 430, 94 L.Ed. 653.

■ What constitutes a reasonable search is not to be determined by any fixed standard, test or formula. Harris v. United States, 331 U.S. 145, 150, 67 S.Ct. 1098, 91 L.Ed. 1399; United States v. Rabinowitz, supra, at page 63 of 339 U.S., at page 434 of 70 S.Ct. Each case is to be decided on its own facts and circumstances. Go-Bart Importing Company v. United States, 282 U.S. 344, 357, 51 S.Ct. 153, 75 L.Ed. 374; Harris v. United States, supra, at page 150 of 331 U.S., at page 1101 of 67 S.Ct.; United States v. Rabinowitz, supra, at page 63 of 339 U.S., at page 434 of 70 S.Ct.

■■ The Fourth Amendment does not require that every valid search and seizure be effected under the authority of a search warrant. "Search and seizure incident to lawful arrest is a practice of ancient origin and has long been an integral part of the law-enforcement procedures of the United States and of the individual states." Harris v. United States, supra, at pages 150–151 of 331 U.S., at page 1101 of 67 S.Ct. The applicable rule is stated in Carroll v. United States, 267 U.S. 132, 158, 45 S.Ct. 280, 287, 69 L.Ed. 543, as follows: "When a man is legally arrested for an offense, whatever is found upon his person or in his control which it is unlawful for him to have and which may be used to prove the offense may be seized and held as evidence in the prosecution." In Agnello v. United States, 269 U.S. 20, 30, 46 S. Ct. 4, 5, 70 L.Ed. 145, the rule is stated as follows:

"The right without a search warrant contemporaneously to search persons lawfully arrested while committing crime and to search the place where the arrest is made in order to find and seize things connected with the crime as its fruits or as the means by which it was committed, as well as weapons and other things to effect an escape from custody, is not to be doubted. See Carroll v. United States, 267 U.S. 132, 158, 45 S.Ct. 280, 69 L.Ed. 543; Weeks v. United States, 232 U.S. 383, 392, 34 S.Ct. 341, 58 L.Ed. 652."

See, also, Honig v. United States, 8 Cir., 208 F.2d 916, 919.

In United States v. Rabinowitz, supra, at page 61 of 339 U.S., at page 433 of 70 S.Ct., the Court said:

"Decisions of this Court have often recognized that there is a permissible area of search beyond the person proper. * * *

"The right 'to search the place where the arrest is made in order to find and seize things connected with the crime as its fruits or as the means by which it was committed' seems to have stemmed not only from the acknowledged authority to search the person, but also from the long-standing practice of searching for other proofs of guilt within the control of the accused found upon arrest. Weeks v. United States, 232 U.S. 383, 392, 34 S.Ct. 341, 344, 58 L.Ed. 652. It became accepted that the premises where the arrest was made, which premises were under the control of the person arrested and where the crime was being committed, were subject to search without a search warrant. Such a search was not 'unreasonable.' Agnello v. United States, 269 U.S. 20, 30, 46 S.Ct. 4, 5, 70 L.Ed. 145; Carroll v. United States, 267 U.S. 132, 158, 45 S.Ct. 280, 287 [69 L.Ed. 543]; Boyd v. United States, 116 U.S. 616, 623–624, 6 S.Ct. 524, 528, 29 L.Ed. 746."

It is our conclusion that the search in the instant case was within the "permissible area of search" and was reasonable. The baggage room in the Station was available to the defendant and was being used by him as a place to conceal the suitcase containing the contraband heroin. He was lawfully arrested in the Station, where he was committing the offenses with which he was later charged; he was searched in the Station; and the heroin was found and seized in the Station. The suitcase containing the heroin was in his constructive possession and control. It seems to us that the Government Agents would have been derelict in their duties if they had not followed the arrest of the defendant with an immediate search for the heroin which they knew, from what he had told Agent Young, had been concealed somewhere in the Station.

The search in the instant case was not a general exploratory search, nor did it resemble in the slightest degree the invasion of a private dwelling without authority in the search for evidence. Cases involving such searches have no relevance here.

A court is not required to give "sinister coloration to procedures which are basically reasonable," by taking counsel of its fears that, unless it does so, law-enforcement officers may be guilty of excesses during the course of criminal investigations. Harris v. United States, supra, at page 155 of 331 U.S., at page 1103 of 67 S.Ct.

The judgment and sentence appealed from is affirmed.