**Lawrence CALLANAN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16293.**

United States Court of Appeals
Eighth Circuit.

Feb. 2, 1960.

Certiorari Granted April 4, 1960.

See 80 S.Ct. 807.

Morris A. Shenker and Sidney M. Glazer, St. Louis, Mo., made oral argument for appellant.

Wayne Bigler, Jr., Asst. U. S. Atty., St. Louis, Mo., presented argument on behalf of the appellee.

Before GARDNER, WOODROUGH, and VOGEL, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from an order of the trial court overruling appellant's motion under Rule 35, Federal Rules of Criminal Procedure, Title 18 United States Code, or in the alternative, under Section 2255, Title 28 United States Code, to correct the sentences imposed on him on July 19, 1954.

On March 3, 1954, the defendant and four others were charged in a two count Indictment. Count One charged that from March 1, 1951, until the date of the Indictment, defendants did conspire to obstruct, delay, and affect interstate commerce by extortion by obtaining $28,-016.18 from O. R. Burden, individually and as agent of the Burden Construction Company, induced by the wrongful use of actual and threatened force, violence, and fear. Count Two charged that on the same dates defendants did obstruct, delay and affect interstate commerce by extortion by obtaining $28,016.18 from O. R. Burden, individually and as agent of the Burden Construction Company, in-duced by the wrongful use of actual and threatened force, violence, and fear, in violation of Section 1951, Title 18 United States Code.

The action was tried to the court and a jury and each defendant was found guilty as charged in the Indictment. Appellant, one of the defendants, was thereupon sentenced to a term of imprisonment for a period of twelve years on Count One and twelve years on Count Two of the Indictment. The term of imprisonment on Count Two was made to run consecutively with the term of imprisonment on Count One, but execution of sentence on Count Two was suspended and appellant was placed on probation on Count Two for a period of five years and this term of probation was made to run consecutively with the term of imprisonment imposed on Count One. On appeal the judgment was affirmed. Callanan v. United States, 8 Cir., 223 F.2d 171. Pursuant to the judgment of conviction appellant commenced service of the sentences imposed upon him and is still in custody under this sentence at the United States Federal Prison at Leavenworth, Kansas. The facts pertinent to the instant proceeding were stipulated and hence are not in dispute. They are substantially as follows:

Defendants were labor union representatives, Callanan for the pipefitters, Bianchi for the operating engineers, Thompson for the teamsters, Poster and Secor for the laborers. On a 1951 pipe line construction project the O. R. Burden Construction Company, which employed the crafts represented by the defendants, encountered numerous difficulties. The welders were working only four hours a day for a full day's pay, more men were put on the job than were necessary, and labor costs were higher than for similar work in other comparable regions. In May, 1952, when the Burden Company was getting ready to start upon another project involving the construction of a new pipe line and the taking up of an old pipe line in Missouri and Illinois, a pre-job meeting was held with the defendants as representatives

of the craft unions. Mr. Burden testified that, at the request of appellant, he had lunch with appellant alone; that at the luncheon, he told appellant about his difficulties and said that something drastic would have to be done if his company was to complete its project without great loss. He further testified that appellant had asked him how much money there was on the job and whether there would be one cent a foot on the project, a rate which would total $28,000.00 or $29,000.00 on the whole job; that appellant told him that the other crafts would share in the division but that the welders would get the greater share because they had not interfered with the construction company as had the other crafts and that he would talk to the other crafts. Burden told appellant that no payment would be made until a substantial portion of the work was done and it was agreed that payments to the defendants would be made by false invoices. Burden also testified that, after the project had been started, at a private meeting with appellant in August, 1952, he complained that defendants were not living up to the agreement, and that appellant assured him that the work would pick up and that he would talk to the other crafts. The Burden Company paid $28,000.00 on invoices from various companies or individuals. Thompson, Poster, and Secor were shown to have received money from the Washington Equipment & Construction Company which submitted bills to Burden. There was testimony that a friend of appellant set up a fictitious company which sent invoices to the Burden Company. One Sariego testified that appellant called Balch, an international union organizer, and told him to set up a fictitious company, the Pipe Line Welders Supply Company. Pipe Line Welders Supply Company invoices in the amount of $1,606.40 and $1,616.24 were sent to the Burden Company. Burden Corporation checks dated October 14 and October 30, 1952, each in the amount of $3,791.04, were sent to a mailing address in payment of these invoices. The court in its instructions allowed the jury to return a verdict for both counts of the Indictment.

In his motion, appellant seeks to correct the sentence imposed on Count One of the Indictment on the theory that in fact but one offense was charged or embodied in the two counts of the Indictment and hence the sentences imposed exceeded the maximum penalty of twenty years fixed by the statute, Section 1951, Title 18, United States Code.

In seeking reversal of the order denying his motion, appellant contends that the court erred in overruling his motion to correct the sentence imposed on him on July 19, 1954 because: (1) Congress, in enacting the Hobbs Act, Section 1951, Title 18 United States Code, did not intend that a person be subject to cumulative penalties for the obstruction of commerce by extortion and conspiracy so to do; (2) the sentence under Count One should be corrected; (3) the remedy under Rule 35, Federal Rules of Criminal Procedure, Title 18 United States Code, or in the alternative under Section 2255, Title 28 United States Code, is the correct remedy; and (4) appellant is not barred by res judicata from seeking to correct an illegal sentence.

It is the contention of appellant that Count One, which charges a conspiracy to obstruct and delay interstate commerce by extortion, and Count Two, which charges actually obstructing and delaying interstate commerce by extortion, constitute but one offense, the maximum penalty for which, fixed by the so-called Hobbs Act, was twenty years. The question presented is whether the Indictment, though containing two counts, in fact stated but one offense.

 When an accused is charged with conspiracy to commit a federal offense in one count and then in a second count is charged with the commission of the substantive offense which is the object of the conspiracy, the Indictment states two offenses, each of which is punishable. Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489; United States v. Rabinowich, 238 U.S. 78, 35 S.Ct. 682, 59 L.Ed. 1211;

Scott v. United States, 10 Cir., 115 F.2d 137; Hulahan v. United States, 8 Cir., 214 F.2d 441; Chew v. United States, 8 Cir., 9 F.2d 348; Brown v. United States, 8 Cir., 167 F.2d 772. Answering an argument that a count in an indictment charging a conspiracy to commit an offense and a separate count charging the commission of the offense constituted but one offense, the Supreme Court in Pinkerton v. United States, supra, said, inter alia:

"Nor can we accept the proposition that the substantive offenses were merged in the conspiracy. * * The common law rule that the substantive offense, if a felony, was merged in the conspiracy, has little vitality in this country. It has been long and consistently recognized by the Court that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses." [328 U.S. 640, 66 S.Ct. 1182.]

In Brown v. United States, supra, it was contended, as in this case, that a count in the indictment charging a conspiracy to commit an offense and a separate count charging commission of the offense charged but one offense, punishable as such. In the course of the opinion, referring to this contention, we said:

"Except in some very limited types of situations (none of which is here involved), the commission of a substantive offense and a conspiracy to commit it are distinct crimes and may be separately charged and punished. Pinkerton v. United States, 328 U.S. 640, 643, 644, 66 S.Ct. 1180, 1182, 90 L.Ed. 1489; American Tobacco Co. v. United States, 328 U.S. 781, 787–789, 66 S.Ct. 1125, 1128, 1129, 90 L.Ed. 1575. And the substantive offense may be charged and punished as a distinct crime, even though the conspiracy charge also sets out the facts involved in the substantive offense as an overt act of the conspiracy. United States v. Bayer, 331 U.S. 532, 542, 543, 67 S.Ct. 1394, 1399, 91 L.Ed. 1654." [8 Cir., 167 F.2d 774.]

The same principle is announced in Scott v. United States, supra, as follows:

"Although the indictment was not attacked in the trial court by demurrer or motion to quash, the contention is advanced here that it was fatally defective in that appellant and five others were charged in one count with the crime of conspiracy to commit perjury, and appellant alone was charged in the other count with the substantive offense of perjury. It is urged that this constitutes an improper joinder of charges. It is well settled that a conspiracy to commit a crime and the substantive crime of which the conspiracy is the object may be laid as separate counts in a single indictment, and that sentence may be imposed upon each count." [10 Cir., 115 F.2d 138.]

Appellant relies strongly on United States v. Universal C. I. T. Corp., 344 U.S. 218, 73 S.Ct. 227, 97 L.Ed. 260; Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370; Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905; Ladner v. United States, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199, and Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407, in which the Court held that there was only one offense and one sentence permissible, under the rule of lenity. The cases are readily distinguishable. Thus, in the Universal, Prince, Ladner, and Bell cases, no conspiracy was charged in one count and a substantive act which was the object of the conspiracy in another, while in the Heflin case, there was no contention that defendant could not get a separate sentence under the conspiracy count. These cases involved either completed attempts or crimes affecting several persons.

We conclude that the sentences involved were not illegal sentences and Rule 35, Federal Rules of Criminal Procedure, Title 18 United States Code, au-

thorizing the correction only of an "illegal sentence", cannot be invoked.

■ As to the rights of appellants as determined by Section 2255, Title 28 United States Code, it is noted that this section refers to a claim of "right to be released." It is to be noted that appellant does not claim the right to be released. He admits that he has served only four years of a sentence which he claims should be fixed at eight years. He is, therefore, not entitled to any relief under Section 2255, supra.

■ Appellant's motion whether based upon Rule 35 or Section 2255, supra, cannot serve as an appeal. The questions now sought to be litigated could have been urged by him on appeal from his conviction and hence he cannot collaterally attack the judgment of conviction and sentence by motion. Taylor v. United States, 8 Cir., 229 F.2d 826; Shobe v. United States, 8 Cir., 220 F.2d 928; Burns v. United States, 8 Cir., 229 F.2d 87; Kaplan v. United States, 8 Cir., 234 F.2d 345; Hickman v. United States, 8 Cir., 246 F.2d 178. In the instant case there was an appeal and the judgment was affirmed. Callanan v. United States, 8 Cir., 223 F.2d 171. That affirmance covered not only the questions actually raised but also the questions that might have been raised. Lipscomb v. United States, 8 Cir., 226 F.2d 812; Mitchell v. Village Creek Drainage Dist., 8 Cir., 158 F.2d 475. What is said by us in Lipscomb v. United States, supra, is here apposite. In the course of the decision in that case we, among other things, said:

"* * * the contentions now presented could have been urged in that proceeding as there is no claim that they arose subsequent thereto and the decision in that proceeding is binding on the defendant not only as to the contentions there made but as to all other contentions which could have been made.

"In the course of our opinion in Mitchell v. Village Creek Drainage Dist., 8 Cir., 158 F.2d 475, 477, it is said:

"'It is elementary that res judicata may be pleaded as a bar not only as respects matters actually presented to sustain or defeat the right asserted in the earlier proceeding but also as to any other available matter which might have been presented to that end. Stevens v. Shull, 179 Ark. 766, 19 S.W.2d 1018, 64 A.L.R. 1258; Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329; Jackson v. Irving Trust Co., 311 U.S. 494, 61 S.Ct. 326, 85 L.Ed. 297; Billings Utility Co. v. Advisory Committee Board of Governors, 8 Cir., 135 F.2d 108; Kithcart v. Metropolitan Life Ins. Co., 8 Cir., 119 F.2d 497; McIntosh v. Wiggins, 8 Cir., 123 F.2d 316; Howard v. Chicago, B. & Q. R. Co., 8 Cir., 146 F.2d 316. The rule is succinctly stated in 30 American Jurisprudence, Sec. 179, at page 923, as follows:

"'"The phase of the doctrine of res judicata precluding subsequent litigation of the same cause of action is much broader in its application that a determination of the questions involved in the prior action; the conclusiveness of the judgment in each case extends not only to matters actually determined, but also to other matters which could properly have been determined in the prior action. This rule applies to every question falling within the purview of the original action, in respect to matters of both claim and defense, which could have been presented by the exercise of due diligence."'

"We have specifically held that the doctrine of res judicata is applicable to a proceeding under Title 28 U.S.C. § 2255." [8 Cir. 226 F.2d 816.]

■ We are of the view that the present proceeding cannot now be maintained

but is barred under the doctrine of res judicata.

Being of the view that, for the foregoing reasons, the order appealed from must be affirmed, further discussions of appellant's contentions would unduly extend this opinion and serve no useful purpose. The order. appealed from is therefore affirmed.