
**UNITED STATES of America,
Appellee,**

v.

**Aurelius Wilson BROWN, Appellant.**

**No. 8177.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 16, 1960.

Decided Nov. 21, 1960.

Richard D. Obenshain (Court-assigned counsel), Richmond, Va., for appellant.

Shanley Keeter, Asst. U. S. Atty., Richmond, Va. (Joseph S. Bambacus, U. S. Atty., Richmond, Va., on the brief), for appellee.

Before SOPER and HAYNSWORTH, Circuit Judges, and HARRY E. WATKINS, District Judge.

PER CURIAM.

This appeal was taken from a judgment of the District Court whereby the defendant was sentenced to a term of imprisonment after a verdict of guilty upon the charge of having in his possession a quantity of illicit whisky. Aurelius Wilson Brown, the appellant, was indicted with one George Johnson in two counts. The first count charged the defendants with the possession of twenty-four gallons of distilled spirits in containers not bearing the proper internal revenue stamps with intent to defraud the United States of tax on distilled spirits. The second count charged the defendants with possession of an automobile intended to be used for the unlawful distillation of spirits in violation of the internal revenue laws and regulations. At the end of the first count Title 26 U.S.C.A. §§ 5205(a) (2) and 5604(a) (1), and at the end of the second count Title 26 U.S.C.A. § 5686(b) and 7302 were cited. The defendant Johnson pleaded guilty but the appellant Brown pleaded not guilty, waived a jury trial, and was found guilty on both counts by the District Judge and sentenced to nine months imprisonment on each of the two counts, the sentences to run consecutively, but the sentence on the second count to be suspended and the defendant released on probation for two years upon completion of the sentence on the first count.

The principal contention of the appellant is that the evidence was insufficient to support a verdict of guilty. It is said that the evidence did not show beyond a reasonable doubt that the defendant possessed the whisky or that he possessed

it with intent to defraud the United States of the tax on distilled spirits. The evidence, in brief, was that about 8 p. m. on January 19, 1960, at Petersburg, Virginia, United States revenue agents stopped an automobile in which Brown and Johnson were driving from Franklin to Richmond, Virginia, with Brown at the wheel, since the officers had information that the car the defendants were driving was being used in the unlawful transportation of illicit whisky. The officers noticed that the car was equipped for hauling heavy loads and appeared to be heavily laden at that time. Upon being questioned by the officers as to how much whisky the defendants had in the car Brown said that they did not have any, but when the trunk of the car was opened (with a key taken from the ignition) four five-gallon jugs containing illicit whisky were discovered. Brown and his companion both said that they picked the whisky up somewhere in the woods alongside the road coming from the south. Brown, testifying in his defense, said that he did not know the origin of the whisky but had been gambling most of the night before and during the day at Franklin, Virginia, and had gotten in the car and fallen asleep and that he did not know anything about the presence of the whisky in the car until he learned from Johnson after the arrest that Johnson had placed the whisky in the trunk while Brown was alseep. He admitted that he had been convicted once before in the transportation of illicit whisky. Johnson testified that he was the owner of the car and corroborated Brown's story.

■ It requires no argument to show that there was abundant evidence to justify the finding that Brown was in possession of the illicit whisky with intent to defraud the United States. In Bell v. United States, 4 Cir., 185 F.2d 302, 310, we said:

"* * * When a motion for a directed verdict of acquittal is made in a criminal case, the sole duty of the trial judge is to determine whether there is substantial evidence which, taken in the light most favorable to the United States, tends to show that the defendant is guilty beyond a reasonable doubt. The possibility that a jury may have a reasonable doubt upon the evidence as to the guilt of the defendant is not the criterion which determines the action of the trial judge. The decision on that question is for the jury to make and the rule is the same whether the evidence is direct or circumstantial. * * * 'The true rule, therefore, is that a trial judge, in passing upon a motion for a directed verdict of acquittal, must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt.' "

■ The appellant makes the additional contention that the sentence on the second count of the indictment should be set aside because §§ 5686(b) and 7302 of Title 26 U.S.C.A., appended as a citation at the end of the count, relate to the confiscation of property used in the violation of the internal revenue laws and do not authorize the imposition of a sentence of imprisonment. It is true that, by the act of September 2, 1958, 72 Stat. 1411, § 5686(a) rather than § 5686(b) became the statutory provision authorizing a sentence of imprisonment for the unlawful possession of property intended to be used in violating the internal revenue laws and § 5686(b) of the 1958 act became a cross-reference to § 7302 which authorized the confiscation of property so used. However this mis-citation does not necessarily call for setting aside the sentence imposed under count two as Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., which requires the citation of the appropriate statute the defendant is charged by the indictment to have violated, provides that error in the citation shall not be ground for dismissal of the indictment or reversal of a conviction if the error did

not mislead the defendant to his prejudice. In the present case, the defendant was correctly informed of the nature of the charge by the allegations of the second count of the indictment and there was no showing that the defendant or his counsel was in any way misled, much less prejudiced, by the careless mis-citations at the end of the second count of the indictment. See the comment of this court in Davis v. United States, 4 Cir., 279 F.2d 576, 578; Call v. United States, 4 Cir., 265 F.2d 167, 170.

Affirmed.