**Thomas KERNICK, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 16582.

United States Court of Appeals Eighth Circuit.

Jan. 18, 1961.

**530**

Daniel D. Glasser, Chicago, Ill., for appellant.

John S. Boyer, Jr., Asst. U. S. Atty., Kansas City, Mo., for appellee; Edward L. Scheufler, U. S. Atty., Kansas City, Mo., on the brief.

Before WOODROUGH, VAN OOSTERHOUT and MATTHES, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal from a final order denying defendant Kernick's motion, filed July 13, 1960, to correct sentence pursuant to 28 U.S.C.A. § 2255 and Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

Defendant's present motion to correct sentence is based solely on the following allegation: "It is the opinion of this deponent that the sentence of four years on Count II of the said indictment was incorrect and unconstitutional for the reason that no evidence was offered or received at the trial to support a conviction on the said Count II."

Defendant, in support of his motion, has filed a transcript covering his original trial. A two count indictment against the defendant was filed on October 11, 1956. In the first count, defendant was charged with having on June 17, 1956, facilitated the transportation, concealment and sale of heroin hydrochloride, knowing it to have been unlawfully imported into the United States in violation of 21 U.S.C.A. § 174. Count II, which involved the same heroin, charged that the defendant "did wilfully, knowingly, unlawfully and feloniously send, ship, carry and deliver in interstate commerce from Chicago, Illinois, to Kansas City, Missouri, narcotic drugs, to wit, 2312.8 grains, more or less, of heroin hydrochloride, in violation of Section 4724(b), Title 26, United States Code."

The defendant entered a plea of not guilty to each count of the indictment and moved to suppress as evidence the seized heroin on the ground that it was obtained by unlawful search and seizure. Defendant in writing expressly waived a trial by jury. The parties agreed that the motion to suppress and defendant's trial on his not guilty pleas be heard together. At the conclusion of the evidence, defendant's motion to suppress the evidence was overruled and defendant's motion for judgment of acquittal was likewise overruled. Defendant was found guilty on both counts of the indictment and was sentenced to a term of four years on each count of the indictment, such terms to be served consecutively. Upon appeal, defendant's conviction was affirmed. Kernick v. United States, 8 Cir., 242 F.2d 818.

The defendant makes no attack on his conviction and sentence on Count

I. The sentence was imposed on November 25, 1956. The Government contends that the defendant had not completed his four-year Count I sentence when he filed the present motion and that hence the § 2255 proceeding was not available to him, as he was not then serving the sentence imposed by Count II. Defendant has not demonstrated that he had completed service of the Count I sentence at the time his motion was filed and heard by the trial court. Thus, the defendant was entitled to no relief under § 2255. Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L. Ed.2d 407. However, the case just cited holds that in a proper case Rule 35 confers jurisdiction upon the district court to correct an illegal sentence at any time. The government concedes that relief would be available under Rule 35.

The trial court, in denying the motion to correct the alleged illegal sentence on Count II, points out that the same attack here made was included in a previous motion made by the defendant to correct sentence, the court stating:

"On September 27, 1957, in overruling the motion filed pursuant to Section 2255, I called attention to the fact that the question of the sufficiency of the evidence to sustain the conviction under Count II of the indictment had been settled conclusively by the Court of Appeals, Eighth Circuit, in Kernick v. United States, 242 F.2d 818."

The trial court, in its order overruling defendant's previous motion, stated in part:

"In Kernick v. United States, 242 F.2d 818, Judge Sanborn, referring to defendant's trial, said:

" 'The uncontradicted evidence of the Government, if admissible, established the guilt of the defendant to a mathematical certainty.'

"The Court of Appeals affirmed the ruling of this Court as to the admissibility of the Government's evidence, and further affirmed the judgment of conviction and sentence.

"This ruling by the Court of Appeals seals the issue of the sufficiency of evidence and does not permit this Court to reopen the question. * * * "

■ Defendant urges that on his direct appeal from his conviction he raised only the illegal search and seizure issue. While the defendant in such appeal did not specifically raise or argue the sufficiency of the evidence to support the conviction, such issue was open for consideration by this court at its option. Rule 52(b), Federal Rules of Criminal Procedure; Clyatt v. United States, 197 U.S. 207, 222, 25 S.Ct. 429, 49 L.Ed. 726; Cox v. United States, 8 Cir., 96 F.2d 41, 43.

The record discloses that the defendant made a motion for acquittal at the close of the evidence in the trial court. The portion of our opinion quoted above by the trial court and our opinion as a whole clearly reflect that this court considered and passed upon the question of the sufficiency of the evidence to sustain the conviction on both counts.

We have chosen to consider defendant's motion upon its merits. In so doing, we pretermit consideration of the question of whether the validity of a conviction can properly be raised in a Rule 35 motion. But see Callanan v. United States, 8 Cir., 274 F.2d 601, 605, certiorari granted 362 U.S. 939, 80 S.Ct. 807, 4 L.Ed.2d 769; United States v. Thompson, 2 Cir., 261 F.2d 809, 810; Funkhouser v. United States, 4 Cir., 260 F.2d 86, 87; Duggins v. United States, 6 Cir., 240 F.2d 479, 483.

■ We have carefully reexamined the original trial record, made part of the record upon this appeal. The pertinent evidence which supports the conviction is adequately summarized in our former opinion. We adhere to our view that there is substantial evidentiary support for defendant's conviction upon both counts of the indictment.

A conclusion that defendant was legally convicted upon Count II is inescapable. The sentence imposed on Count

II is within the limits fixed by law for the violation charged in Count II.[1]

Defendant has failed to establish that the sentence imposed upon him, based upon his Count II conviction, is illegal. The court properly denied the motion to correct sentence.

Affirmed.

---

1. The penalty for violation of 26 U.S.C.A. § 4724(b) is found in 26 U.S.C.A. § 7237.