**Boyd Augustine WILLIS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 16657.

United States Court of Appeals
Eighth Circuit.

April 27, 1961.

Boyd Augustine Willis, pro se.

William H. Webster, U. S. Atty., St. Louis, Mo., and William C. Martin, Asst. U. S. Atty., St. Louis, Mo., on the brief, for appellee.

Before SANBORN, VAN OOSTERHOUT, and MATTHES, Circuit Judges.

MATTHES, Circuit Judge.

Prior to the initiation of the instant prosecution by information,[1] Boyd Augustine Willis, hereinafter referred to as "appellant," had been convicted of a crime of violence, to wit, armed robbery. Count One of the information charged transportation of a stolen motor vehicle in interstate commerce. Count Two charged appellant with violation of the Federal Firearms Act, Title 15 U.S.C.A. § 902.[2] A plea of guilty was entered on both counts, and on November 21, 1958, judgment was duly entered sentencing appellant to four years' imprisonment on each count, to be served consecutively.

On February 10, 1960, appellant filed a motion under Rule 35, Federal Rules of Criminal Procedure, to correct the sentence on the ground that Count Two of the information was based upon violation of Title 15 U.S.C.A. § 902(f);[3]

---

1. With full knowledge of the nature of the charge against him, appellant waived prosecution by indictment and consented to be prosecuted by information.

2. "That on or about the 28th day of October, 1958, in the City of St. Louis, in the State of Missouri, within the Eastern Division of the Eastern District of Missouri, Boyd Augustine Willis, the defendant, did unlawfully receive and possess a certain firearm, to wit, one 6.35 caliber Beretta automatic, bearing serial number 25084C, which said firearm had at the time been recently transported in interstate commerce to wit, from the City of Vincennes, in the State of Indiana, to the City of St. Louis, in the State of Missouri, by a person who had theretofore been convicted of a crime of violence, to wit, transported by defendant who had theretofore been convicted of the crime of armed robbery; he, the said defendant, then and there well knowing said firearm had been unlawfully transported in interstate commerce as aforesaid.

"In violation of Section 902(f), Title 15, United States Code."

3. "It shall be unlawful for any person who has been convicted of a crime of violence * * * to receive any firearm or ammunition which has been shipped or transported in interstate * * * commerce, and the possession of a firearm or ammunition by any such person shall

that said section had been ruled unconstitutional by the Supreme Court in Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519,[4] by reason of which Count Two was void on its face, requiring a vacating and setting aside of the sentence imposed thereunder.[5] By "Motion to Amend Motion for Correction of Sentence," filed on April 4, 1960, appellant sought to challenge the information on the ground that no offense was charged.

From the order of the district court denying appellant's motions we granted him the right to appeal in forma pauperis.

Appellant has now abandoned the constitutional attack against the information, claiming that the information charged him with receiving a firearm which he personally had transported in interstate commerce and he contends that a person who actually and physically transports a firearm cannot be guilty of receiving the same in violation of § 902 (f) of the Act. Inasmuch as we take a different view of the information, we pretermit consideration of this question.

■ At the outset we are confronted with the troublesome question of whether appellant has a remedy under Rule 35 of the Federal Rules of Criminal Procedure, 28 U.S.C.A. Concededly, inasmuch as he has not begun to serve the sentence imposed under Count Two, relief cannot be afforded under Title 28 U.S.C.A. § 2255. The rule seems to be settled that relief under § 2255 is available only to attack a sentence under which the prisoner is in custody. Heflin v.

United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407; Callanan v. United States, 8 Cir., 274 F.2d 601, 605, affirmed, 364 U.S. 587, 81 S.Ct. 321, 5 L.Ed.2d 312.[6]

The question of post conviction attacks on an information was exhaustively treated by this Court in Keto v. United States, 8 Cir., 189 F.2d 247, at page 251, where Judge Sanborn in speaking for the Court, said:

"The rule, then, is that the sufficiency of an indictment or information is not open to collateral attack after conviction unless it appears that the circumstances are exceptional, that the questions raised are of 'large importance', that the need for the remedy sought is apparent, and that the offense charged was one of which the sentencing court manifestly had no jurisdiction. The instant case is obviously not such a case."

See also Harris v. United States, No. 16,-593, 8 Cir., 288 F.2d 790.

We have understood that Rule 35 "is for the correction of illegal sentences, 'those that the judgment of conviction did not authorize,' United States v. Morgan, 1954, 346 U.S. 502, 506, 74 S.Ct. 247, 250, 98 L.Ed. 248, not for the correction of improper convictions. 'A motion for correction of sentence under Rule 35 presupposes a valid conviction and affords a procedure for bringing an improper sentence into conformity with the law.' Cook v. United States, 1 Cir., 1948, 171 F.2d 567,

---

be presumptive evidence that such firearm or ammunition was shipped or transported or received, as the case may be, by such person in violation of this chapter."

4. This case holds that Congress was without power to create the presumptions sought to be created by § 902(f), to wit: That, from the appellant's prior conviction of a crime of violence and his present possession of a firearm, it shall be presumed that the article was received by him in interstate commerce.

5. Appellant concedes the validity of Count One and the sentence imposed thereunder.

6. In Callanan, it appears that the Supreme Court reviewed the merits of appellant's contentions under Rule 35. The Court observed, 81 S.Ct., note 3 at page 322, that since the Government conceded the applicability of Rule 35, "the applicability of § 2255 need not be considered."

570, certiorari denied, 1949, 336 U. S. 926, 69 S.Ct. 647, 93 L.Ed. 1088." Green v. United States, 1 Cir., 274 F.2d 59, at page 60, affirmed 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670.

■ A motion under Rule 35 cannot serve as an appeal. Callanan v. United States, supra, 274 F.2d 601, at page 605; Funkhouser v. United States, 4 Cir., 260 F.2d 86, certiorari denied 358 U.S. 940, 79 S.Ct. 346, 3 L.Ed.2d 348.

The burden of appellant's argument is that Count Two of the information fails to charge an offense and consequently the court was without jurisdiction to take valid action thereunder. Although convinced that the contention is without substance, in view of the teaching of the Supreme Court in Heflin v. United States, supra, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407,[7] we consider the validity of the information upon its face, the elements charged and admitted under Count Two. See also Duggins v. United States, 6 Cir., 240 F.2d 479, 483; Kernick v. United States, 8 Cir., 285 F.2d 529.

■■ Section 902(e) of Title 15 U.S.C.A. provides in substance that it shall be unlawful for any person who has been convicted of a crime of violence to transport a firearm in interstate commerce. A cursory reading of Count Two of the information makes it apparent that it was not drawn or prepared in a skillful or artful manner; nevertheless, analysis thereof convinces that it is entirely adequate to charge a violation of § 902(e), supra. These essential elements appear in the information: (1) the date of the offense; (2) that appellant had theretofore been convicted of a crime of violence; (3) that the firearm, describing the same in detail, had been transported by appellant in interstate commerce from Vincennes, Indiana to St. Louis, Mis-

souri. We cannot yield to appellant's argument that the information is fatally defective because it indicates that appellant "received" the firearm or because it states that appellant's acts were "in violation of Section 902(f), Title 15, United States Code." Error in the citation appearing in the indictment or information does not go to substance—such an error is not even grounds for reversal or dismissal unless it is made to appear that the defendant was thereby misled to his prejudice. Rule 7(c), Federal Rules of Criminal Procedure; Davis v. United States, 4 Cir., 279 F.2d 576; United States v. Brown, 4 Cir., 284 F.2d 89; Masi v. United States, 5 Cir., 223 F.2d 132, certiorari denied 350 U.S. 919, 76 S.Ct. 208, 100 L.Ed. 805. Nothing appears to demonstrate that appellant was misled or prejudiced because of the error in the citation. Quite plainly what we have here resulted from imperfect or defective paper work on the part of the official preparing the information. For some unexplained reason, surplus and extraneous matter was included therein. But the imperfections do not detract from the sufficiency of the information to support the charge of illegal transportation.

■ Moreover, the record discloses that appellant was fully informed of the nature of the Count Two offense prior to his waiver of prosecution by indictment and again before he was sentenced. He not only indicated a clear understanding of the charge but voiced no objection to the information, and by having pled guilty, appellant admitted each element charged therein, waived all non-jurisdictional defects and defenses, and thereby foreclosed his right to collaterally attack the same because of minor and technical deficiencies. Lipscomb v. United States, 8 Cir., 273 F.2d 860, 865, certiorari de-

7. In Heflin, petitioner was indicted and convicted on three counts charging violation of the Federal Bank Robbery Act, 18 U.S.C. § 2113. While in custody under the admittedly valid 10-year sentence imposed on the first count, he moved for relief under § 2255, Title 28 U.S.C.A., claiming he could not be lawfully convicted under both subsections (c) and (d) of 18 U.S.C. § 2113. The majority held that while relief was not available under § 2255, it was available under Rule 35.

nied 364 U.S. 836, 81 S.Ct. 76, 5 L.Ed.2d 61; Harris v. United States, No. 16,593, 8 Cir., supra 288 F.2d 790; Swepston v. United States, No. 16,682, 8 Cir., 289 F.2d 166. We are satisfied that when the indictment is judged by practical and not by technical considerations, Smith v. United States, 360 U.S. 1, 9, 79 S.Ct. 991, 3 L.Ed.2d 1041; Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 861; Anderson v. United States, 8 Cir., 262 F.2d 764, 769–770, certiorari denied 360 U.S. 929, 79 S.Ct. 1446, 3 L.Ed.2d 543; Harris v. United States, No. 16,593, supra, the contention of the appellant is completely without substance. The information fairly informed him of the charge which he was required to meet,— it was sufficiently specific to avoid ·the danger of his again being prosecuted for the same offense.

The trial judge acted properly in refusing to interfere with the sentence under Count Two, and the order appealed from is

Affirmed.

SANBORN, Circuit Judge (concurring).

I concur in the affirmance of the order appealed from. I also agree with all that Judge MATTHES says about the sufficiency of Count Two of the information, but I see no need for saying it. As pointed out in my concurring opinion in Harris v. United States, 8 Cir., 288 F.2d 790, this Court has consistently ruled that the sufficiency of an information or indictment may not be attacked collaterally by a motion to vacate sentence.

In Knewel v. Egan, 268 U.S. 442, 446, 45 S.Ct. 522, 524, 69 L.Ed. 1036, the Supreme Court said:

" * * * It is fundamental that a court upon which is conferred jurisdiction to try an offense has jurisdiction to determine whether or not that offense is charged or proved. Otherwise every judgment of conviction would be subject to collateral attack and review on *habeas cor-*

*pus* on the ground that no offense was charged or proved. It has been uniformly held by this Court that the sufficiency of an indictment cannot be reviewed in *habeas corpus* proceedings. Ex parte Watkins, 3 Pet. 193 [7 L.Ed. 650]; Ex parte Yarbrough, 110 U.S. 651 [4 S.Ct. 152, 28 L.Ed. 274]; Ex parte Parks, supra [93 U.S. 18, 23 L.Ed. 787]; In re Coy, supra [127 U.S. 731, 8 S.Ct. 1263, 32 L.Ed. 274]; Bergemann v. Backer, supra [157 U.S. 655, 15 S. Ct. 727, 39 L.Ed. 845]; Howard v. Fleming, 191 U.S. 126 [24 S.Ct. 49, 48 L.Ed. 121]; Dimmick v. Tompkins, 194 U.S. 540 [24 S.Ct. 780, 48 L.Ed. 1110]; In re Eckart, 166 U. S. 481 [17 S.Ct. 638, 41 L.Ed. 1085]; Goto v. Lane, 265 U.S. 393 [44 S. Ct. 525, 68 L.Ed. 1070]."

In Callanan v. United States, 8 Cir., 274 F.2d 601, 605 (affirmed 364 U.S. 587, 81 S.Ct. 321, 5 L.Ed.2d 312), we said:

"Appellant's motion whether based upon Rule 35 [Federal Rules of Criminal Procedure] or Section 2255, supra [Title 28 U.S.C.], cannot serve as an appeal. The questions now sought to be litigated could have been urged by him on appeal from his conviction and hence he cannot collaterally attack the judgment of conviction and sentence by motion. * * * *"

As recently as April 18, 1961, we adhered to the rule that a plea of guilty precludes a collateral attack under § 2255, Title 28 U.S.C., upon the information or indictment. Swepston v. United States, 8 Cir., 289 F.2d 166.

In Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407, Rule 35 of the Federal Criminal Rules was availed of to vacate sentences held to be unauthorized by statute. There can be no doubt that Rule 35 may be used to correct a sentence in excess of the maximum permitted by law.

I do not regard the Heflin case as changing the rule that the sufficiency of an indictment or information is not sub-

586

ject to review on a motion to vacate sentence.

I think it important in cases such as the instant case to refrain from considering questions which are not reviewable.