Joseph L. **SONNIER**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 8660.

United States Court of Appeals
Fourth Circuit.

Submitted Jan. 24, 1963.

Decided Feb. 27, 1963.

Joseph L. Sonnier, pro se.

C. V. Spratley, Jr., U. S. Atty., and Plato Cacheris, First Asst. U. S. Atty., on the brief, for appellee.

Before BOREMAN and BELL, Circuit Judges, and MICHIE, District Judge.

MICHIE, District Judge.

The appellant, Joseph L. Sonnier, was indicted for violation of 18 U.S.C. § 265. The indictment plainly set forth the charge that the defendant "did with intent to defraud the United States, pass, utter, publish and sell, falsely made, forged, counterfeited obligations and securities of the United States, namely: approximately 700 counterfeit Treasury checks, green in color, knowing the same to be false, forged, and counterfeited, in violation of Title 18 § *265* of the United States Code" (emphasis supplied). The appellant pleaded not guilty, waived a jury trial and was found guilty of violation of 18 U.S.C. § *472* (emphasis supplied). He was sentenced to twelve years in prison and is here on an appeal from the denial by the District Court of a motion to vacate the judgment and sentence under 28 U.S.C. § 2255.

There is now, and was at the time of the indictment, no such section of the United States Code as 18 U.S.C. § 265. The proper reference to the section of the Code making the action charged a crime is and was at the time 18 U.S.C. § 472. However the revisor's note to 18 U.S.C.A. § 472 states that that section is based upon former 18 U.S.C. § 265. With minor changes in

phraseology the former statute and the present statute are identical and the indictment plainly charged in unmistakable terms the offense described in 18 U.S.C. § 472.

The Petitioner relies upon a sentence of Rule 7(c) of the Federal Rules of Criminal Procedure which, reads as follows:

"The indictment or information shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated. * * *"

It is true that the indictment did not do this since it referred to an old section of the Code which no longer existed. However, the very next sentence of Rule 7(c) reads as follows:

"Error in the citation or its omission shall not be ground for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice."

It is obvious that in this case the defendant was not misled. The indictment charged in the language of 18 U.S.C. § 472 the offense there described and for which the defendant was convicted. He could not have been more clearly informed of the nature of the charge against him if the correct citation had been given.

Furthermore Petitioner before his trial, and even prior to his indictment, signed a waiver of a preliminary hearing before a United States Commissioner and this waiver expressly recited that he was charged with uttering counterfeit obligations of the United States in violation of Title 18 § 472 of the U.S.Code. And the fact that he was being prosecuted under § 472 was stated during the trial of the case.

Similar situations have twice been before this court. In Davis v. United States, 4 Cir., 279 F.2d 576, the accused was indicted under the Act of December 17th, 1914, "commonly known as the Harrison Narcotic Act, and Acts amendatory thereof * * *" The Harrison Act was repealed and reenacted by the Internal Revenue Code of 1939.

The court said (279 F.2d at p. 578):

"If the Revenue Act of 1939 be regarded as a technical repeal and reenactment, in modified form, of the Harrison Narcotic Act, as theretofore amended, it avails the defendant nothing. In keeping with the spirit, at least, of Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., it was appropriate to cite the statute which makes unlawful the conduct in which, it is charged, the conspirators planned to engage. The rule expressly provides, however, that error in the citation, or its entire omission, does not vitiate the indictment unless the error or omission has misled the defendant to his prejudice. There was no showing here that the defendant, or his counsel, was in any way misled, much less prejudiced, by the reference to the Harrison Act, rather than to the appropriate sections of the current code."

To the same effect is United States v. Brown, 4 Cir., 284 F.2d 89, also decided by this court.

The plaintiff undertakes to distinguish these two cases by stating that in them the miscitation occurred only at the end of the indictment and not in the body of it. While this apparently is true of United States v. Brown, supra, it seems not to be true in the case of Davis v. United States, supra. And in any event the fact that the miscitation occurred in the body of the indictment rather than at the end thereof could not possibly affect the application of the provision of Rule 7(c) last cited.

■ Next Petitioner apparently challenges the conviction on the ground that the documents which he uttered, though "made after the similitude of the United States bond" were actually "unexecuted, unsigned by anybody". This question however goes to the merits of his conviction and not to any matter of proce-

dure which can be raised under 28 U.S.C. § 2255.

As said in Sanders v. United States, 230 F.2d 127 (4th Cir., 1956), with reference to 28 U.S.C. § 2255:

> "The statute upon which he bases his motion may not be used to retry the case or to raise questions which might have been raised upon appeal."

Again, petitioner contends that his guilt was not established at his trial beyond a reasonable doubt. The quotation from Sanders v. United States, supra, above quoted, is a sufficient answer to that contention.

Finally the Petitioner contends that the sentence of twelve years in prison is beyond the permissible maximum period provided in 18 U.S.C. § 472. Petitioner is in error. The maximum that could have been given him is fifteen years.

The order of the court below is affirmed.

Affirmed.