Joseph H. TANKSLEY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17229.

United States Court of Appeals
Eighth Circuit.

Aug. 15, 1963.

Joseph H. Tanksley, pro se.

Miles W. Lord, U. S. Atty., and Patrick J. Foley, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before VOGEL, VAN OOSTERHOUT and RIDGE, Circuit Judges.

RIDGE, Circuit Judge.

Defendant-appellant appeals from the District Court's denial of his motion, filed pursuant to Rule 35, F.R.Cr.P., 18 U.S.C.A., seeking correction of his sentence.

Appellant claims he was convicted on an indictment charging a violation of 18 U.S.C.A. § 371,[1] for conspiracy to violate 26 U.S.C.A. § 4705.[2] The substantive statute prohibits a sale, barter, exchange or gift of narcotic drugs "except in pursuance of a written order of the person"

[1.] 18 U.S.C.A. § 371: "If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both."

[2.] 26 U.S.C.A. § 4705(a): "General requirement.—It shall be unlawful for any person to sell, barter, exchange, or give away narcotic drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Secretary or his delegate."

receiving it on an appropriate form. Conviction exposes a defendant who "commits, or conspires to commit" such offenses, to at least five years and not more than twenty years incarceration and a fine. 26 U.S.C. § 7237(b).[3] This last-cited section imposes the penalties for violation of 26 U.S.C.A. § 4705. A conviction for general conspiracy under 18 U.S.C.A. § 371 is punishable by up to five years imprisonment and a $10,000.00 fine. Subsequent to his conviction, appellant acknowledged identity in an information alleging a previous conviction on December 8, 1952, for having violated then 26 U.S.C.A. § 2557(b) (1). The District Court sentenced appellant to fifteen years imprisonment.

Thereafter, on September 20, 1962, appellant filed his Rule 35 motion, seeking a correction of his sentence on the ground that since the jury failed to bring in a special verdict indicating which statute he had violated, i. e. 18 U.S.C.A. § 371 or 26 U.S.C.A. § 4705, the maximum sentence he could receive was five years, since there was no way the Court could determine which law the appellant violated. Therefore, he says, the least severe sentence should have been imposed and his 15-year sentence is illegal and should be corrected. The District Court denied the motion, and appellant perfected the instant appeal.

Appellant relies on Brown v. United States, 112 U.S.App.D.C. 57, 299 F.2d 438 (1962), cert. den. 370 U.S. 946, 82 S.Ct. 1593, 8 L.Ed.2d 812. In the Brown case, the indictment charged a conspiracy to violate several statutes. In absence of a special verdict, the Court held it was unable to determine which law the defendants there convicted conspired to violate. Therefore, the case was reversed to permit the sentencing Court to impose the least severe sentence fixed by the statutes involved, if the Govern-ment consented thereto; otherwise for a new trial.

■■ In the case at bar, appellant was specifically charged with conspiring to violate only 26 U.S.C.A. § 4705. The penalties for conspiring to violate that statute are set forth in 26 U.S.C.A. § 7237 (a). The fact that Section 7237(a) has a built-in provision for conspiracy, and the indictment in the case at bar included a citation to 18 U.S.C.A. § 371, the general conspiracy statute, does not make appellant's sentence ambiguous, or of uncertain premise. In the caption of his indictment, 26 U.S.C.A. § 4705 was cited and reference therein to 18 U.S.C.A. § 371 was a "miscitation". The more specific statute dealing with narcotic offenses, 26 U.S.C.A. § 4705, is controlling. Davis v. United States, 279 F.2d 576 (4 Cir., 1960). As stated in the Davis case:

"Nor does this miscitation make illegal the sentence imposed though it exceeds the maximum permissible under 18 U.S.C. § 371. Congress, when it enlarged the penalties, and prescribed minimum prison terms, for narcotic offenses, issued a command which is binding upon the courts. The District Court was bound to impose sentence under 26 U.S.C.A. § 7237, rather than under 18 U.S.C.A. § 371, and the resulting sentence is not illegal." (At p. 578 of 279 F.2d.)

Furthermore, as stated in Rule 7(c), F.R.Cr.P.:

"Error in the citation or its omission shall not be ground for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice."

" * * * the statute on which an indictment is founded must be deter-

---

3. 26 U.S.C. § 7237(b) : "Whoever commits an offense, or conspires to commit an offense, described in section 4705(a), or section 4742(a) shall be imprisoned not less than 5 or more than 20 years and, in addition, may be fined not more than $20,- 000. For a second or subsequent offense, the offender shall be imprisoned not less than 10 or more than 40 years and, in addition, may be fined not more than $20,- 000. * * *"

mined from the facts charged * * and the facts as pleaded may bring the offense charged within one statute, although another statute is referred to in the indictment." Masi v. United States, 223 F.2d 132 (5 Cir., 1955).

Appellant does not cite any prejudice against himself as a result of the above rule.

The District Court properly overruled appellant's motion to correct his sentence. Therefore, its judgment is

Affirmed.