UNITED STATES of America, Appellee,

v.

Grady QUICKSEY, Appellant.

UNITED STATES of America, Appellee,

v.

Mary Jane QUICKSEY, Appellant.

UNITED STATES of America, Appellee,

v.

Alfred DUMEUR, Appellant.

Nos. 74–1559 to 74–1561.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 10, 1975.

Decided July 25, 1975.

Supplemental Opinion Aug. 28, 1975.

Certiorari Denied Jan. 26, 1976. See 96 S.Ct. 878.

Chester Lovett, Charleston, W. Va. (James T. Cooper on brief), for Mary Jane Quicksey.

Herbert H. Henderson, Huntington, W. Va. [Court-appointed counsel], for Alfred Dumeur.

John A. Field, III, U. S. Atty. for the Southern District of West Virginia (Robert B. King, Ray L. Hampton, II, and Frank E. Jolliffe, Asst. U. S. Attys., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BUTZNER and WIDENER, Circuit Judges.

BUTZNER, Circuit Judge:

Grady Quicksey, Mary Jane Quicksey, and Alfred Dumeur appeal from a judgment convicting them in Count I of a multicount indictment of conspiring to violate the Travel Act, 18 U.S.C. § 1952, and the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. §§ 841 and 846. With respect to this count, we shall withhold judgment for thirty days to allow the government to consider whether to consent to a resentencing. Should the government not consent, we shall vacate their convictions and remand for a new trial on Count I.

I

Title 21 U.S.C. § 841(a)(1) provides in part that it is unlawful to distribute narcotics or to possess these drugs with intent to distribute them. Section 846 punishes a conspiracy to violate § 841(a)(1) by a maximum sentence of fifteen years' imprisonment or a maximum fine of $25,000, or both, for a first offender, and by more severe penalties for repeating offenders.

Title 18 U.S.C. § 1952 forbids interstate travel with intent to "promote, manage, establish, carry on, or facilitate" any business enterprise involving narcotics. A conspiracy to violate § 1952 is punishable under the general conspiracy statute, 18 U.S.C. § 371, by a maximum term of five years' imprisonment or a maximum fine of $10,000, or both.

William L. Lonesome, Charleston, W. Va., for Grady Quicksey.

Count I of the indictment charged that the defendants conspired to violate both 18 U.S.C. § 1952 and 21 U.S.C. § 841(a)(1). In a bill of particulars the government indicated that Count I charged a violation of only the narcotics conspiracy statute, 21 U.S.C. § 846, but during trial the district attorney insisted that both this statute and 18 U.S.C. § 371 were applicable. The district court accepted this expanded interpretation of the indictment and denied the defendants' motion to require the government to elect at the conclusion of its case whether it was proceeding under the general conspiracy statute, § 371, or the special conspiracy statute, § 846. Thus, the law of the case allowed the jury to convict for either a general conspiracy or a narcotics conspiracy, but it was not required to return a special verdict. The court instructed the jury that it could convict if it believed the defendants engaged in a conspiracy involving interstate travel in connection with the possession of narcotics.[1]

The jury found all the defendants guilty under Count I without specifying whether they were guilty of a general conspiracy under § 371 or a special conspiracy under § 846. Before sentencing, the defendants argued that they could not be punished under a general verdict on Count I, or at most they were subject to a five-year sentence and a $10,000 fine under § 371. The court, however, rejected their contentions and imposed prison terms under § 846 in excess of five years and fines in excess of $10,000.

On appeal the defendants reiterate that Count I must be dismissed because it charged them with violating two separate conspiracy statutes; alternatively, they contend that they cannot be sentenced under a general verdict or at the most they can be sentenced only under the general conspiracy statute, § 371, and not under the special narcotics conspiracy statute, § 846. The government contends that the evidence was sufficient to justify conviction for a conspiracy to violate the drug laws and that consequently the sentences authorized by § 846 were proper.

■■■ We find no reason to dismiss Count I, for it was not duplicitous. The essential element of a conspiracy is an agreement, and it may embrace the commission of several substantive offenses. The reference to different conspiracy statutes does not necessarily charge more than one agreement, but it causes confusion by authorizing inconsistent penalties. *See United States v. Amato,* 367 F.Supp. 547, 549 (S.D.N.Y.1973); 8 Moore, Federal Practice ¶ 8.03. It is clear that the evidence is sufficient to sustain a conviction for conspiracy under § 371 to violate the Travel Act, and it

---

1. Instructing the jury, the district court explained the charge of conspiracy as follows:

"Count one of the indictment charges [that] all four of the defendants . . . engaged in an unlawful activity—a conspiracy involving interstate travel in connection with the possession and distribution of Narcotic Drug Controlled Substance, in this case heroin. The indictment in part contains the following language:

"It was a part of said conspiracy that the said defendants and co-conspirators would and did unlawfully, knowingly, and intentionally distribute and possess with the intent to distribute . . . heroin . . . in violation of Title 21, United States Code, Sections 812 and 841(a)(1).

"It was further a part of said conspiracy— and I am still reading from the indictment— that the said defendants and co-conspirators would and did, intentionally and knowingly, travel and cause travel between the Southern District of West Virginia and New York City, and elsewhere beyond the State of West Virginia, with intent to promote, manage, establish, and carry on and to facilitate the promotion, management, establishment, and carrying on of an unlawful activity, said unlawful activity being a business enterprise involving . . . heroin; in violation of Title 18, United States Code, Section 1952."

Later in the charge, the district court said:

"If the jury should find beyond a reasonable doubt from the evidence in the case that existence of the conspiracy charged in the indictment has been proved, and that during the existence of the conspiracy one of the overt acts alleged was knowingly done by one of the conspirators in furtherance of some object or purpose of the conspiracy, then proof of the conspiracy offense charged is complete."

may well be, as the government suggests, that the evidence was sufficient to convict for a conspiracy to violate the Drug Act. But the court refused the defendants' motion to require the government to elect which statute it was relying on, and the jury was instructed that it could find guilt under Count I if it believed the defendants conspired to violate the Travel Act with intention of facilitating a business involving narcotics. Indeed, the court's charge may have led the jury to believe this was the gravamen of Count I. In any event, in the absence of a special verdict, it is not possible to ascertain whether the jury intended to find the defendants guilty of conspiracy to violate the Travel Act or the Drug Act, or both Acts.

■ Because of this ambiguity, we withhold our judgment as to Count I for thirty days. If the government within that time consents to a resentencing under § 371 by notifying this court, we shall affirm the convictions on that count and remand for sentencing. If, on the other hand, the government does not consent, we shall vacate the convictions and remand for a new trial.[2] *See Brown v. United States,* 112 U.S.App.D.C. 57, 299 F.2d 438 (1962).

## II

Grady Quicksey, the only defendant charged with substantive offenses, contends that there was a fatal variance between the dates of the offenses alleged in the indictment and the dates disclosed by the evidence in Counts II, IV, V, and VI. He also complains of a variance in Count IX which charged he violated the Travel Act in July 1972 by having an accomplice travel between New York and West Virginia to promote a narcotics business involving heroin.

The principal witness to this transaction was the accomplice, who testified that the drug she transported for Quicksey was cocaine, not heroin. No other witness identified the drug.

■ Rule 52(a) of the Federal Rules of Criminal Procedure requires us to disregard a variance which does not affect substantial rights of the accused. The test of substantiality is found in *Berger v. United States,* 295 U.S. 78, 82, 55 S.Ct. 629, 630, 79 L.Ed. 1314 (1935), which requires:

> "(1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense."

*Berger* also teaches that if, upon examination of the entire record, the variance does not appear to have caused prejudice, the error must be regarded as harmless.

■ The record discloses no prejudice. The transactions mentioned in Counts II, IV, V, and VI could be readily identified from other allegations without reference to the exact dates. Thus, Quicksey was fairly apprised of the charges. Furthermore, the record depicts the offenses in such unique detail that he is protected from subsequent prosecutions for the same crimes. The district judge committed no error by denying motions for a judgment of acquittal because of the variance in the dates. *Cf. United States v. Covington,* 411 F.2d 1087 (4th Cir. 1969).

■ Similarly, we find no prejudice in the variance between the allegation of heroin and proof of cocaine in Count IX.

---

**2.** In view of our ruling, we need not decide Dumeur's protest that the government's failure to comply with 21 U.S.C. § 851 precluded sentencing him as a second offender under 21 U.S.C. § 841(b)(1)(A). *See United States v. Noland,* 495 F.2d 529 (5th Cir. 1974). If Dumeur's conviction for conspiring to violate the Travel Act is not disturbed and he is sentenced under the general conspiracy statute, 18 U.S.C. § 371, he cannot be subjected to the enhanced penalty provided by 21 U.S.C. § 841(b)(1)(A) as a second offender. On the other hand, if the government elects to retry him for violating the narcotics conspiracy statute, 21 U.S.C. § 846, the information required by 21 U.S.C. § 851 has already been timely filed.

Both drugs are narcotics. The gist of the charge in Count IX is engaging in interstate travel to promote a narcotics business. The type of narcotics is immaterial, unless Quicksey was misled and taken by surprise or unless he could not be protected against subsequent prosecution.

Count IX fully informed Quicksey of the specific offense with which he was charged by allegations that named his accomplice and described the interstate travel as taking place between West Virginia and New York. The evidence disclosed that this was the only trip of this nature made by the accomplice, that heroin and cocaine in the form in which they were transported are similar in appearance, and that Quicksey did not even mention the name of the drug when he commissioned its transportation for his narcotics business.[3] Thus, it is apparent that Quicksey was fully informed of the material details of the interstate travel for which he was charged, and that the trip was so unique that he could not be prosecuted again for the same offense. We conclude, therefore, that no prejudice has been shown and that no error was committed in denying his motion for a judgment of acquittal on Count IX because of the variance. *Cf. United States v. Ramirez,* 482 F.2d 807, 817 (2d Cir. 1973); *United States v. Schrenzel,* 462 F.2d 765, 769 (8th Cir. 1972).

We find no cause for reversal in Grady Quicksey's other assignments of error to the substantive counts.

Entry of judgment is temporarily withheld.

HAYNSWORTH, Chief Judge (concurring and dissenting):

I concur in Part II of the court's opinion but dissent from the conditional requirement of resentencing or, in the alternative, a remand for a new trial.

It is unfortunate, of course, that the indictment contained any reference to the Travel Act and § 371. It is still more unfortunate that the District Attorney insisted upon, and the court granted, instructions based upon those statutes. We do not proceed in a vacuum, however, and it seems to me to be our duty to look at the evidence and the instructions actually given to determine whether the confusion engendered creates any substantial doubt that the jury found the defendants guilty under the Drug Act or whether the confusion otherwise disadvantaged the defendants. I think it did neither.

The prosecution was based upon evidence that the defendants were engaged in a conspiracy to purchase at wholesale large quantities of heroin and to distribute it at retail in West Virginia. The proof included interstate transactions in connection with the purchase and importation of drugs into West Virginia, but there was no proof that the defendants were engaged in any other unlawful conspiracy which was not violative of the Drug Act but which was a violation of the Travel Act and § 371.

The instructions to the jury, while including a requirement of interstate travel, made it perfectly clear and explicit that the purpose of the conspiracy was the importation and distribution of heroin. Indeed, the judge quoted that part of the indictment which charged that the purpose of the conspiracy, at least for a time, was accomplished by the actual importation and distribution of heroin.

Under these circumstances, the jury could not have found the defendants guilty of a violation of the Travel Act or § 371 without having found the defendants guilty under § 846, the special narcotics conspiracy statute. No other conspiracy was charged or proven. The charge did require the jury to find not only a violation of § 846 but interstate travel as well, but that requirement simply increased the prosecution's burden. It could not have prejudiced the defendants in their defense, nor did it inject an

---

3. The accomplice decided that the drug was cocaine after taking some of it. No other evidence identified it.

element of unfairness to them in the judge's submission to the jury. The only party hurt by the confusing references to the extraneous statutes was the United States, and it asked for it and may not complain.

Under these circumstances, *Brown v. United States,* 112 U.S.App.D.C. 57, 299 F.2d 438, is simply inapplicable. There the indictment charged a conspiracy to violate four separate statutes, one of which was punishable only under § 371 while the other three had their own conspiracy prohibitions with higher maximum penalties. There was a general submission to the jury and a general finding of guilt, and, from the court's opinion, it appears entirely possible that the jury may have found the defendants guilty of a conspiracy to violate only 18 U.S.C.A. § 1403, the one punishable only under § 371.[1] Here, on the other hand, as I have attempted to demonstrate, the jury simply could not have found that the defendants were innocent of a conspiracy to violate the Drug Act but guilty of a conspiracy to violate the Travel Act. The jury was not told of any differences in the penalties or varying consequences which might flow from a conviction of one offense rather than the other, so that there is no possibility that it made a distinction or undertook to exercise its discretion to convict of a lesser offense, though convinced beyond a reasonable doubt of the defendants' guilt of a greater offense. Indeed, the jury was told the indictment charged only a single offense, a conspiracy to distribute heroin in which interstate travel was also involved. Since the jury must have found every element of the offense under the Drug Act to have brought in any verdict of guilty, there is no room for speculation that the jury may not have thought the defendants guilty of that offense.

I would treat the references to the Travel Act and the general conspiracy section as mere surplusage. We did that in *Davis v. United States,* 4th Cir., 279 F.2d 576, where there was a miscitation of the general conspiracy statute in the indictment. We held that the miscitation did not preclude sentencing under the harsher narcotic laws.[2] Here there was more than a miscitation in the indictment, for the matter got into the judge's instructions to the jury. When the charge, in light of the evidence, however, leaves no room for speculation that the jury brought in its verdict of guilty without having found the defendants guilty of a conspiracy under the Drug Act, I think the principle of *Davis* controls rather than the principle of *Brown,* which depends upon real uncertainty as to what the jury did find, an uncertainty not present here.

For these reasons, I respectfully dissent.

## SUPPLEMENTAL OPINION

### PER CURIAM:

This opinion supplements the opinion of the court filed July 25, 1975.

The United States Attorney has consented to having Grady Quicksey and

---

1. Section 1403 proscribes the use of a communication facility in committing or attempting to commit, or in causing or facilitating the commission of an offense or a conspiracy to commit an offense under other statutes relating to the sale and importation of narcotics and their possession on certain vessels, aircraft and vehicles on international journeys. We do not have the benefit of the testimony in *Brown,* but it well may be that the jury reasonably could have found him guilty of the use of a telephone in an attempt to commit an offense under one of the enumerated statutes without having been a member of a conspiracy involving the sale or importation of narcotics, to which the other statutes charged in the indictment related. This must have been so or the court would not have said it could not tell what the jury found. Here, we can.

2. Our holding in *Davis* has been frequently followed. *United States v. Bates,* 429 F.2d 557 (9th Cir.), *cert. denied,* 400 U.S. 831, 91 S.Ct. 61, 27 L.Ed.2d 61, 400 U.S. 916, 91 S.Ct. 175, 27 L.Ed.2d 155 (1970); *Tanksley v. United States,* 321 F.2d 647 (8th Cir. 1963); *United States v. Galgano,* 281 F.2d 908 (2d Cir. 1960), *cert. denied,* 366 U.S. 960, 81 S.Ct. 916, 6 L.Ed.2d 1253 (1961).

Mary Jane Quicksey resentenced. Accordingly, their sentences for conspiring to violate the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. §§ 841 and 846, are vacated. Their convictions of conspiring to violate the Travel Act, 18 U.S.C. §§ 1952 and 371, as charged in Count I of the indictment, are affirmed. The case is remanded for the resentencing of Grady Quicksey and Mary Jane Quicksey under 18 U.S.C. § 371.

The United States Attorney has not consented to the resentencing of Alfred Dumeur. Accordingly, his conviction for conspiracy, as charged in Count I of the indictment, is vacated, and his case is remanded for a new trial.

Judge Haynsworth specially concurs in this supplemental opinion without modifying the views that he expressed in his concurring and dissenting opinion filed July 25, 1975.

The clerk is directed to issue the mandate forthwith.