976 F.2d 728
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Robert Lee SPENCER, JR., Defendant-Appellant.
 No. 91-5611.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 8, 1992
Decided: September 11, 1992
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert J. Staker, District Judge. (CR-90-283-3)
 ARGUED: William David Levine, ST. CLAIR & LEVINE, Huntington, West Virginia, for Appellant.
 Kelly D. Ambrose, Assistant United States Attorney, Charleston, West Virginia, for Appellee. ON BRIEF: Michael W. Carey, United States Attorney, Phillip B. Scott, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 The question presented in this appeal is whether the district court erred in finding harmless the variance between the crime charged in the indictment and the proof presented by the Government at trial. The indictment charged appellant, Robert Lee Spencer, Jr., with two counts of Possession With Intent to Sell Controlled Substance under 21 U.S.C. § 841(a)(1), namely "hydromorphine (generic Dilaudid), a Schedule II controlled substance."[1] "Hydromorphine" is not listed on any schedule of controlled substances. The proper chemical name for Dilaudid is "hydromorphone."
 
 
 2
 Spencer contends that because the Government did not present evidence during the trial that he sold hydromorphine, as charged in the indictment, there was a fatal variance between the indictment and the proof presented. Spencer raised that issue in a motion for a directed verdict of acquittal at the close of the Government's case. The Government took the position then, as it does upon appeal, that the indictment merely contained a typographical error and that, in any event, the indictment expressly charged Spencer with possession with intent to distribute Dilaudid, which allegation the Government clearly proved. The district court denied Spencer's motion, concluding that the variance was nothing more than a typographical error.
 
 
 3
 Spencer did not present a case in his defense, following the district court's adverse ruling with respect to his variance argument. Rather, he renewed that contention in objecting to the district court's jury instructions. In response, the Government pointed out that Spencer had known for a number of months before his trial the particular substance of which he was charged with possession and, thus had been in no way prejudiced by the typographical error. The jury returned guilty verdicts on both counts.
 
 
 4
 Rule 52(a) of the Federal Rules of Criminal Procedure provides that "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." Fed. R. Crim. P. 52(a).[2] As the Supreme Court observed in Berger v. United States, 295 U.S. 78 (1935):
 
 
 5
 The true inquiry ... is not whether there has been a variance of proof, but whether there has been such a variance as to 'affect the substantial rights' of the accused. The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.
 
 
 6
 Id. at 82 (citations omitted). A review of the record in this case demonstrates that Spencer was on notice at all times that he was charged with distributing generic Dilaudid-proof of which the Government produced at trial. Spencer did not contend before the court below, nor has he before this Court, that the reference to hydromorphine rather than hydromorphone in the indictment took him by surprise or in any way hindered the preparation of his defense.[3]
 
 
 7
 In United States v. Quicksey, 525 F.2d 337 (4th Cir. 1975), Judge Butzner, in that case, found no potential for violation of the second prong established in Berger, i.e., that the accused "be protected against another prosecution for the same offense," id. at 341, and observed, "[T]he record depicts the offenses in such unique detail that he is protected from subsequent prosecutions for the same crimes." Id. The record in this case also reveals ample, and detailed, evidence of Spencer's involvement in the transactions referenced in Counts II and III of the indictment.[4] In that regard, Judge Staker, in the court below, stated: "It is obvious that ... 'hydromorphine' in the indictment was an inaccurate spelling of 'hydromorphone.' " We fully agree.
 
 AFFIRMED
 
 
 [1]
 Originally, Spencer was charged in three counts, in one of which he was named as a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). That count was dismissed before trial
 
 
 [2]
 The Notes of Advisory Committee Rules concerning that rule state:
 This rule is a restatement of existing law, 28 U.S.C. former § 391 (second sentence): 'On the hearing of any appeal, certiorari, writ of error, or motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties'; 18 U.S.C. former 556; 'No indictment found and presented by a grand jury in any district or other court of the United States shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected by reason of any defect of imperfection in matter of form only, which shall not tend to the prejudice of the defendant,....'
 Fed. R. Crim. P. 52(a) advisory committee's note.
 
 
 [3]
 Indeed, during oral argument before this Court counsel for Spencer acknowledged that there was no doubt about what generic Dilaudid is and that there was no question, at any time, in his client's mind that he was being charged with possession of generic Dilaudid
 
 
 [4]
 In both transactions for which Spencer was tried, a confidential informant wearing a body wire purchased the Dilaudid from Spencer, the transaction was monitored by officers who remained outside Spencer's residence, and the transaction was tape-recorded