**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                              No. 99-4479

JERMAINE DAVIS, a/k/a Geo,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-98-730)

Submitted: February 15, 2000

Decided: March 16, 2000

Before WILKINS, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Judgment withheld by unpublished per curiam opinion.

_____

**COUNSEL**

John M. Ervin, III, Darlington, South Carolina, for Appellant. J. Rene
Josey, United States Attorney, Alfred W. Bethea, Jr., Assistant United
States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury convicted Jermaine Davis of possession with intent to distribute cocaine base and marijuana, 21 U.S.C.A.§ 841(a)(1) (West 1999) (Count One), and conspiracy to possess with intent to distribute cocaine base and marijuana, 21 U.S.C.A. § 846 (West 1999) (Count Two). Davis now appeals his 360-month sentence, claiming that the district clearly erred in holding him accountable for 14.1 grams of cocaine base about which Morris King and Calvin Woods testified. Davis has filed a motion to file a pro se supplemental brief, in which he asserts that the Government did not establish that the substance was cocaine base, as opposed to powder cocaine. We grant the motion to file the supplemental brief but find no merit in the issues raised by counsel or Davis in his pro se brief.

However, we have sua sponte* reviewed the facts of this case in light of our recent decision in United States v. Rhynes, 196 F.3d 207 (4th Cir. 1999), vacated in part on other grounds by order entered Feb. 3, 2000. In Rhynes, the defendants were charged with conspiracy to possess with intent to distribute heroin, cocaine, cocaine base, and marijuana. The district court instructed the jury that it could return a guilty verdict if it found a defendant had conspired to distribute any of these substances. "The court submitted a general verdict sheet to the jury, and the jury returned a general verdict finding all of defendants guilty of the conspiracy count. Neither the Government nor the defense requested a special verdict as to the object of the conspiracy." Id. at 237. Relying on Edwards v. United States, 523 U.S. 511 (1998), and United States v. Quicksey, 525 F.2d 337 (4th Cir. 1975), we held that a district court is prohibited "from imposing a sentence in excess of the statutory maximum for the least-punished object on which the conspiracy could have been based." Rhynes, 196 F.3d at 238.

_____

*Although Davis did not raise the issue in the district court or on appeal, we have authority to review the issue for plain error because it affects Davis' substantial rights. See United States v. Granados, 168 F.3d 343, 346 (8th Cir. 1999).

2

Here, Davis was held accountable for 1048 kilograms of marijuana, representing eight kilograms of marijuana and 52.1 grams of crack, which has a marijuana equivalency of 1040 kilograms. This resulted in a base offense level of 32, see U.S.S.G.§ 2D1.1(c) (1998). Because Davis was a career offender, and because the maximum statutory penalty for over 1000 kilograms of marijuana is life imprisonment, see 21 U.S.C. § 841(b)(1)(A)(vii), his offense level increased to 37, with a criminal history category of VI. See U.S. Sentencing Guidelines Manual § 4B1.1. His corresponding guideline range was 360 months to life, and he was sentenced to 360 months in prison.

It is impossible, given the jury's general verdict of guilt on each count, to know whether it found him guilty of conspiracy to distribute cocaine base, or marijuana, or both. Similarly, it is unknown whether the jury found that he possessed with intent to distribute marijuana, or cocaine base, or both. If the jury found these to have been "marijuana-only" offenses, Rhynes teaches that the statutory maximum term of imprisonment to which Davis was exposed was five years, given his being held accountable for only eight kilograms of marijuana. See 21 U.S.C. § 841(b)(1)(D).

Davis received a 360-month sentence on the assumption that the jury convicted him based on his involvement with both cocaine base and marijuana. However, it is possible, given the general verdict of guilt on both counts, that the jury convicted him based on marijuana-only offenses. If that is the case, his 360-month sentence far exceeds the five years to which marijuana-only convictions would have exposed him. In accordance with Rhynes, we shall withhold judgment as to Davis' sentence, giving the United States the choice between: (1) resentencing him consistent with marijuana-only convictions; and (2) retrying him.

The contentions actually raised on appeal have no merit. Although Davis argues that the district court erred when it held him accountable for the 14.1 grams of cocaine base testified to by Woods and King, our review of the record reveals no error. We are "doubly" reluctant to overturn factual findings of the district court when its factual determinations as to drug quantities rest upon the demeanor and credibility of witnesses at trial. See United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994). Here, the district court found King and Woods credi-

3

ble, noting that they gave very detailed accounts of their respective transactions with Davis. Accordingly, the court held Davis responsible for the amount of cocaine base about which these witnesses testified. This finding was not clearly erroneous. See United States v. Fletcher, 74 F.3d 49, 55 (4th Cir. 1996) (stating standard of review).

Finally, there is no merit to Davis' pro se argument that the Government did not establish that the substance was cocaine base, as opposed to powder cocaine. Davis himself admits that lab reports determined the substance to be cocaine base, and the district court found credible the testimony of Woods and King that they dealt in crack with Davis.

We therefore reject the arguments raised in the briefs but withhold judgment pending a decision by the Government as to whether to resentence Davis for marijuana-only offenses or to retry him. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

JUDGMENT WITHHELD

4