**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 99-4714

SARA KATHRINE TRIPLETT LEWIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-98-123-V)

Submitted: August 31, 2000

Decided: September 26, 2000

Before WILKINS, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Judgment withheld by unpublished per curiam opinion.

_____

**COUNSEL**

G. Bruce Park, LANGE & PARK, P.A., Charlotte, North Carolina,
for Appellant. Mark T. Calloway, United States Attorney, Gretchen
C. F. Shappert, Assistant United States Attorney, Charlotte, North
Carolina for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Sara Kathrine Triplett Lewis appeals her conviction and sentence for her role in a large-scale conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 (1994). Lewis was indicted on a single count of conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana. After a six-day trial, the jury returned a general verdict of guilty. The district court sentenced Lewis based on the probation officer's recommendation that Lewis be held accountable for a marijuana equivalency of 1911.99 kilograms. That drug quantity yielded an Offense Level of thirty-two, see USSG § 2D1.1, which combined with Lewis's Criminal History Category of I resulted in a Guidelines range of 121 to 151 months in prison. See USSG § 5A. The district court sentenced Lewis at the low end of the range to 121 months in prison. Lewis now appeals her conviction and sentence.

On appeal, Lewis suggests that because the indictment charged her with conspiracy to distribute cocaine, cocaine base and marijuana and the jury's verdict did not specify which of the controlled substances was the object of the conspiracy, the district court erred by sentencing her to a term of imprisonment in excess of the statutory maximum of 21 U.S.C. § 841(b)(1)(D) (1994), which prescribes the punishment for less than fifty kilograms of marijuana. See United States v. Rhynes, 206 F.3d 349, 380 (4th Cir. 1999), cert. denied , ___ U.S. ___, 68 U.S.L.W. 3748 (U.S. June 5, 2000) (No. 99-9386). Where, as here, there is a general verdict on a count charging conspiracy to violate 21 U.S.C. § 841 by distributing multiple controlled substances, the sentence imposed may not exceed "the statutory maximum for the [least] of the . . . statutory objects of the conspiracy on which the verdict could have been based." Id. (citing United States v. Quicksey, 525 F.2d 337, 340-41 (4th Cir. 1975)). In this case, the indictment charged three statutory objects: cocaine, cocaine base, and marijuana. Section 841(b)(1)(D) mandates "a term of imprisonment of not more than 5 years" for conspiracies involving less than fifty kilograms of marijuana, the least of the three statutory objects. The district court imposed a sentence of 121 months based on the probation officer's finding that Lewis was responsible both for a large amount of mari-

2

juana and a significant amount of cocaine. In the absence of a special verdict, this was error.

The Government briefly suggests that in light of the quantity of marijuana attributed to Lewis at sentencing, Lewis's conduct fell outside of § 841(b)(1)(D) and she was therefore properly subject to a statutory maximum greater than the 121 months she received. However, in the wake of Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), while "a judge-found fact may permissibly alter a defendant's sentence within the range allowed by statute for the offense simpliciter," when such a factor increases the statutory maximum for the offense, it functions as an element of a greater offense than the one the jury found the defendant had committed. United States v. Aguayo-Delgado, ___ F.3d ___, 2000 WL 988128, at *6 (8th Cir. July 18, 2000). Consequently, "if the government wishes to seek penalties in excess of those applicable by virtue of the elements of the offense alone, then the government must charge the facts giving rise to the increased sentence in the indictment, and must prove those facts to the jury beyond a reasonable doubt." Id.; see also United States v. Sheppard, ___ F.3d ___, 2000 WL 988127 (8th Cir. July 18, 2000). The Government did not do so in this case as neither the indictment nor the jury's verdict specified the quantity of marijuana or cocaine with which Lewis was charged.

As the Government correctly notes, because Lewis failed to raise this issue before the district court, this court's review is limited to a search for plain error. See Rhynes, 206 F.3d at 379; Fed. R. Crim. P. 52(b). "Rule 52(b) contains three elements that must be established before we possess the authority to notice an error not preserved by a timely objection: The asserted defect in the trial proceedings must, in fact, be error; the error must be plain; and, it must affect the substantial rights of the defendant." United States v. Cedelle, 89 F.3d 181, 184 (4th Cir. 1996) (citing United States v. Olano, 507 U.S. 725, 731-32 (1993)). Even when all three of these elements are present, this court will decline to notice an error unless it"`seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" Olano, 507 U.S. at 736 (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)).

Where there is error of the type present in this case, "[t]he first three requirements easily are satisfied." United States v. Bowens, ___

3

F.3d ___, ___, 2000 WL 1173993 at *11 (4th Cir. Aug. 18, 2000). However, this court has recently held that there is no plain error worthy of notice where there is overwhelming evidence that one of the controlled substances was the sole object of the conspiracy because in that circumstance "the error works no injustice and does not `seriously affect[ ] the fairness, integrity, or public reputation of the judicial proceedings.'" Id. (quoting Olano, 507 U.S. at 736). In this case, in contrast to Bowens, there was evidence introduced regarding both marijuana and cocaine. See Bowens, 2000 WL 1173993 at *11-12. Consequently, as in Rhynes, it is "impossible to determine on which statutory object or objects . . . the conspiracy conviction was based." Rhynes, 206 F.3d at 380. There was more than a mere "isolated reference" to one of the controlled substances charged in the indictment that might allow the sentence to stand in spite of the error. See id. at *11-12 (citing United States v. Olano, 507 U.S. 725, 736 (1993)). We are constrained to conclude that this is plain error worthy of notice in the first instance on appeal.

Accordingly, as in Rhynes, we will follow the remedy employed in Quicksey. We will withhold judgment as to Lewis's sentence giving the Government the choice between resentencing Lewis consistent with a marijuana conspiracy conviction or retrying her. See Rhynes, 206 F.3d at 381 (citing Quicksey, 525 F.2d at 341). If the Government chooses to resentence Lewis, we will affirm her conviction* and remand for sentencing. If the Government does not so choose, we will vacate the conviction and sentence and remand for a new trial. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

JUDGMENT WITHHELD

_____

*We have considered Lewis's claims concerning the district court's rulings with respect to the presentation of the testimony of Rex Love, Sr. and find no evidence of an abuse of discretion. See United States v. Gravely, 840 F.2d 1156, 1163 (4th Cir. 1988).

4