UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

COURTNEY FLOYD GREGORY, a/k/a
Marcello N. Williams, a/k/a
Deangelo D. Marsh, a/k/a Bobby
Lee Graves,

*Defendant-Appellant.*

No. 00-7188

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Raymond A. Jackson, District Judge.
(CR-96-22, CA-99-136)

Argued: October 29, 2001

Decided: February 15, 2002

Before WIDENER, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Neal Lawrence Walters, UNIVERSITY OF VIRGINIA
SCHOOL OF LAW APPELLATE LITIGATION CLINIC, Char-
lottesville, Virginia, for Appellant. Michael R. Smythers, Assistant
United States Attorney, Norfolk, Virginia, for Appellee. **ON BRIEF:**
Paul J. McNulty, United States Attorney, Norfolk, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Courtney Floyd Gregory appeals the district court's denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He argues that *United States v. Rhynes*, *infra*, requires resentencing, and, in the alternative, that his attorney was ineffective for failure to raise the *Rhynes* issue at trial or on direct appeal. We now affirm.

Courtney Gregory and three co-defendants were indicted in a 23 count indictment by a federal grand jury on April 29, 1996. Gregory was only charged with conspiracy to distribute and possess with intent to distribute cocaine, cocaine base, and marijuana. A jury found him guilty of this count by general verdict. The district court found that Gregory was accountable for 496.71 grams of cocaine base and 37.71 grams of powder cocaine. The district court found that the attributed amount of cocaine base merited a sentence of life imprisonment. Further, because of two murders committed during the conspiracy, Gregory's base offense level was determined to be 43, also meriting life in prison. Accordingly, the district court sentenced Gregory to life in prison, a five year supervised release term, and a $100 special assessment.

On appeal, Gregory challenged various aspects of his sentence including improper reliance on testimony during sentencing, classification of drugs as powder or base cocaine, and the cross-referencing of the two homicides to increase the base offense level. The Fourth Circuit affirmed in *United States v. Gregory*, No. 97-4089, slip op. at 9-13 (4th Cir. 1998) (unpublished). The Supreme Court denied Gregory's application for a writ of certiorari on November 2, 1998.

The Fourth Circuit subsequently decided *United States v. Rhynes*, 206 F.3d 349, 379-80 (4th Cir. 1999), *rehearing en banc granted and*

*overruled in part on other grounds*, 218 F.3d 310 (4th Cir.), *cert. denied*, 530 U.S. 1222 (2000). *Rhynes* holds that, in the absence of a special verdict form, a defendant convicted of a conspiracy involving different kinds of drugs may only be sentenced to the maximum penalty attached to the drug carrying the least stringent penalty. This holding is based at least in part on the reviewing court's inability to determine upon which drugs the conviction was based.

Gregory filed a 28 U.S.C. § 2255 motion on November 9, 1999 arguing that, in accordance with *Rhynes*, the lack of a special verdict in his case required the district court to vacate his conviction, or to resentence him to the maximum term for the drug carrying the lowest penalty, 20 years in this case. *Gregory v. United States*, 109 F. Supp. 441 (E.D. Va 2000). In the alternative, Gregory claimed that his counsel was ineffective for failure to raise the *Rhynes* claim on direct appeal.

Because *Rhynes* was decided on direct appeal, the district court decided that Gregory had to satisfy the two part "cause and actual prejudice" standard of *United States v. Frady*, 456 U.S. 152, 167-68 (1982), applicable to collateral attacks. 109 F. Supp. 2d at 454. The district court noted that "cause" may be established excusing the defendant's procedural default if his claim is so novel that its factual or legal basis was not reasonably available to counsel in the earlier proceedings. If, however, "the tools to construct Petitioner's current objection were available, finality interests demand that a mere unawareness of the legal basis for his claim not constitute cause for Petitioner's procedural default." 109 F. Supp. 2d at 454. Accordingly, the district court examined the authorities prior to our decision in *Rhynes*. Relying mainly on the Second Circuit's decision in *Orozco-Prada v. United States*, 732 F.2d 1076 (2d Cir. 1984) (relying in part on *Quicksey v. United States*, 525 F.2d 337 (4th Cir. 1975), to hold that sentence for multiple object drug conspiracy cannot exceed maximum for lowest charged offense if verdict returned by general verdict form), and our decision in *Quicksey v. United States*, 525 F.2d 337 (4th Cir. 1975) (remanding for resentencing or retrial where defendants were convicted by general verdict of conspiracy charged under two statutes having different penalties), the district court correctly concluded that, at the time of trial or direct appeal, not existing in its

full form, Gregory's *Rhynes* claim was not novel enough to establish cause. 109 F. Supp. 2d at 456-7. See *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999).

Having decided that Gregory's *Rhynes* claim was not novel enough to constitute cause, the district court turned to his ineffective assistance of counsel claim. The district court began by stating the unexceptionable proposition that, even though a claim may not be novel for purposes of establishing cause, its lack of novelty does not imply that failure to raise the claim constitutes ineffective assistance of counsel. 109 F. Supp. 2d at 457 (citing *Engle v. Isaac*, 456 U.S. 107, 133-34 (1982) (finding claim was not novel but stating that not "every astute counsel" would have recognized or argued claim). Furthermore, the district court noted that this circuit does not mandate research into other circuit's law in order to comport with the wide latitude given counsel under *Strickland*. 109 F. Supp. 2d at 457. Before *Rhynes*, there was no controlling law in this circuit establishing Gregory's claim. The *Quicksey* holding, pertaining as it did to two separate statutes, did not necessarily obtain in the context of a single conspiracy statute having multiple objects. The district court correctly concluded that it was not until *Rhynes*' synthesis of prior case law that attorneys practicing in this circuit were required to notice the claim because attorneys are not required to anticipate new rules of law. 109 F. Supp. 2d 458. Indeed, Gregory concedes with commendable candor that circuit precedent points to a result consistent with the actions of the district court in this case. See *United States v. Mikalajunas*, supra; *Honeycutt v. Mahoney*, 698 F.2d 213 (4th Cir. 1983). Thus, the district court correctly denied Gregory's § 2255 motion.

Having had the benefit of oral argument, and having considered the record and the briefs, we are content to affirm for the reasons substantially stated by the district court in its opinion.

The judgment of the district court denying Gregory's motion under § 2255 is accordingly

*AFFIRMED*.\*

---

\*It can be argued with some persuasion that even if Gregory should prevail on his *Rhynes* or *Strickland* claims, he should be denied relief on the basis of the cross-referenced murders under Sentencing Guidelines § 2A1.1 and 2D1.1(d)(1). Even if Gregory had been sentenced for conspiracy to distribute marijuana only, the two murders that the district court found as relevant conduct, upheld on direct appeal and not challenged here, would require a base offense level of 43, or life in prison. See § 2D1.1(d)(1). Thus, Gregory could not establish the prejudice prong of *Frady* or *Strickland* because Gregory's sentence would remain life in prison. Furthermore, if *Rhynes* were indeed a new Constitutional rule of criminal procedure, it is doubtful, that it would be applied in a habeas proceeding. See *Teague v. Lane*, 489 U.S. 288, 307 (1989) (absent an exception to the general rule, stating that new Constitutional rules of criminal procedure are not applied on collateral review to cases which have become final before the new rule is announced). However inviting, we express no opinion on these questions.