**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

GEMINI BOYD, a/k/a Jaraun Boyd,
a/k/a Gemini,
            *Defendant-Appellant.*

No. 02-6242

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Williams, Senior District Judge,
sitting by designation.
(CR-96-134, CA-01-59-3-W-V)

Submitted: July 19, 2002

Decided: August 22, 2002

Before MICHAEL and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

### COUNSEL

Gemini Boyd, Appellant Pro Se. Gretchen C.F. Shappert, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

## OPINION

PER CURIAM:

Gemini Boyd seeks to appeal the district court's order denying his
motion filed under 28 U.S.C. § 2255 (2000). Boyd raises three issues
on appeal, contending that (1) he is entitled to relief under *Apprendi
v. New Jersey*, 530 U.S. 466 (2000); (2) he received ineffective assis-
tance of counsel; and (3) the district court erred in finding that his
sentencing claim regarding drug quantity was considered and rejected
by this court on direct appeal. Finding no reversible error, we deny
a certificate of appealability and dismiss the appeal.

First, we have clearly held that the rule announced in *Apprendi* is
not retroactively applicable to cases on collateral review. *United
States v. Sanders*, 247 F.3d 139, 151 (4th Cir.), *cert. denied*, 122 S.
Ct. 573 (2001). Accordingly, we find that the district court correctly
found that Boyd was not entitled to relief on this claim.

In his second claim, Boyd claims that counsel was ineffective for
failing to request a special verdict form requiring the jury to deter-
mine whether he was guilty of conspiring to distribute cocaine pow-
der or cocaine base. In support of this claim, Boyd relies on *United
States v. Rhynes*, 196 F.3d 207 (4th Cir. 1999) (holding that a defen-
dant in a multi-drug conspiracy cannot receive a sentence exceeding
the statutory maximum applicable to the least-punished conspiracy of
which he might have been convicted), *vacated in part on other
grounds*, 218 F.3d 310 (4th Cir.) (en banc), and *United States v.
Quicksey*, 525 F.2d 337, 341 (4th Cir. 1975) (holding that resentenc-
ing was appropriate where it was impossible to determine from a gen-
eral verdict form which of two separate statutes the jury found the
defendant guilty of violating). Although the *Rhynes* decision issued
while Boyd's case was pending on direct appeal, we find that Boyd
cannot establish that counsel was ineffective for failing to argue this
issue on appeal because he fails to demonstrate prejudice under the

second prong of *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The record reveals that overwelming and essentially uncontroverted evidence at trial demonstrated that Boyd was responsible for at least 1.5 kilograms of crack cocaine. *See United States v. Bowens*, 224 F.3d 302, 314-15 (4th Cir. 2000) (holding that, where there is overwhelming evidence that a defendant who trafficked in multiple drug types trafficked primarily in the drug carrying the greater penalty, *Rhynes* error will not be noticed), *cert. denied*, 532 U.S. 944 (2001).

Finally, Boyd contends that the district court erred in finding that his sentencing claim regarding drug quantity was considered and rejected by this court on direct appeal. In his motion before the district court, Boyd claimed that the district court erred in not sentencing him for a "cocaine-only conspiracy conviction" and thus violated the holding in *Rhynes*. The district court construed this sentencing claim as alleging that the sentencing court committed error in attributing the quantity and type of cocaine to Boyd in calculating his sentence. The court noted that this court considered and rejected Boyd's claim regarding the type and quantity of drugs attributable to him on direct appeal and thus found that Boyd was barred from raising the claim again on collateral review. We find that although Boyd did raise a related sentencing claim, he did not raise a *Rhynes*-type claim on direct appeal before this court. Nonetheless, Boyd may not now raise such a claim on collateral review. Non-constitutional claims that could have been raised on direct appeal and were not may not be raised in a collateral proceeding under § 2255. *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976).

For the reasons discussed above, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*