**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4867**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

    v.

FREDERICK MASON,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:11-cr-00168-FL-1)

Submitted:  June 5, 2013              Decided:  July 15, 2013

Before WILKINSON, SHEDD, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Raleigh, North Carolina;  James A. Martin, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, North Carolina, for Appellant.    Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This appeal presents a challenge to a jury verdict finding defendant, Frederick Mason, guilty on fourteen counts of transportation, receipt, and possession of child pornography. Mason was sentenced to concurrent terms of 480 and 240 months. For the reasons stated below, we reject Mason's contentions and affirm his convictions and sentence.

## I.

In 2010, Detective McLaughlin, a New Hampshire undercover investigator, initiated a dialogue with Mason via an online chat service. After an initial conversation, Mason transmitted several pornographic files to McLaughlin. McLaughlin traced the source of the files to Mason's residence in North Carolina. He then transferred the case to the North Carolina police, who obtained a warrant to search Mason's home.

Mason was present at his residence when the warrant was executed. After voluntarily agreeing to speak with the officers conducting the search, Mason admitted to downloading, storing, and transmitting child pornography files. An extensive search of Mason's computer and the various storage devices located in Mason's home revealed approximately 10,000 child pornography files.

The government obtained an indictment charging Mason with the transportation (Counts 1-3), receipt (Counts 4-13), and possession (Count 14) of child pornography in violation of 18 U.S.C § 2252. After a jury verdict of guilty on all 14 counts, Mason was sentenced to concurrent terms of 480 months for Counts 1-13 and 240 months for Count 14. This appeal followed.

## II.

Two of the challenges raised by Mason arise from typographical errors present in the indictment. Both of these challenges are properly analyzed under variance doctrine. For the following reasons, both are meritless.

## A.

Mason's primary variance argument is premised on an error contained in the name of a computer file listed as evidence under Count One. The file at issue is listed in the indictment under the name "Chandler.CIMP1989.AVI;" the government's proof at trial, however, indicated that the correct file name for this item is actually "Chandler.CIMG1989.AVI."

Mason contends that the divergence between the indictment and the government's proof generated by this error constitutes a "fatal variance." A fatal variance occurs "when the indictment is altered to change the elements of the offense charged, such that the defendant is actually convicted of a crime other than

3

that charged in the indictment." United States v. Allmendinger, 706 F.3d 330, 339 (4th Cir. 2013) (internal quotation marks omitted).

Not all variances, however, are fatal. "When the government's proof diverges to some degree from the indictment but does not change the crime charged in the indictment, a mere variance occurs." Id. "A mere variance does not violate a defendant's constitutional rights unless it prejudices the defendant either by surprising him at trial and hindering the preparation of his defense, or by exposing him to the danger of a second prosecution for the same offense." United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999).

The divergence between the proof and indictment in this case does not warrant reversal of Mason's convictions. The variance was non-fatal because the proof offered at trial by the government did not alter the crime charged in the indictment. Furthermore, the variance did not prejudice Mason in either of the respects identified by Randall. Apart from Mason's conclusory assertions, there is no evidence that the error surprised him at trial or hindered the preparation of his defense in any way.

Furthermore, the error does not expose Mason to the threat of a second prosecution for the same offense. The government openly admitted the existence of the typographical error at

trial and supplied the proper file name in testimony. Consequently, "the record depicts the offenses in such unique detail that [Mason] is protected from subsequent prosecutions for the same crimes." United States v. Quicksey, 525 F.2d 337, 341 (4th Cir. 1975).

## B.

Mason's second variance argument pertains to the indictment's specification of an incorrect date in Count Ten, which charged Mason with receipt of child pornography on December 7, 2010. Testimony by a government witness established that the actual date on which this offense allegedly occurred was December 7, 2009. Mason was in custody on the date specified by the indictment; accordingly, he now argues that he could not possibly have received illegal materials on that date.

Although Mason characterizes this issue as one of insufficiency of the evidence, variance doctrine instead provides the appropriate framework for analysis. Mason does not contend that a conviction for receipt of child pornography on December 7, 2009 (the date alleged at trial) would be factually unsupportable; to the contrary, he merely argues that the government's evidence fails to establish that he received prohibited materials on the (incorrect) date specified in the indictment. Thus, Mason's objection is fundamentally grounded in

5

the divergence between the indictment and the proof presented at trial.

A fatal variance claim in this instance fails for reasons similar to those identified above. First, under Allmendinger, 706 F.3d at 339, the variance here is non-fatal because it does not alter the elements of the crime charged in the indictment. "Where a particular date is not a substantive element of the crime charged, strict chronological specificity or accuracy is not required." United States v. Kimberlin, 18 F.3d 1156, 1159 (4th Cir. 1994) (internal quotation marks omitted).

Second, Mason's claim also fails under the prejudice standard articulated in Randall, 171 F.3d at 203. Mason does not allege that the indictment's specification of an incorrect date caused unfair surprise or improperly hampered the preparation of his defense; indeed, it appears that the error was not even recognized until this appeal. See United States v. Barsanti, 943 F.2d 428, 438-39 (4th Cir. 1991) (finding no prejudice and thus no fatal variance where government's proof indicated that crime occurred on a date different than that listed in the indictment). Furthermore, under Quicksey, 525 F.2d at 341, the fact that the government identified the correct date at trial effectively precludes any possibility of a second prosecution for the same offense. We therefore reject Mason's

6

assertion that the government committed a fatal variance at trial.

III.

Mason's second contention is that Counts 4-13 and Count 14 of the indictment were multiplicitous. This objection to the indictment could and should have been raised before trial or, at the latest, during the course of the trial. It therefore comes before us on the well-recognized plain error standard, set forth in United States v. Olano, 507 U.S. 725, 732 (1993).

Multiplicity "is the charging of a single offense in several counts. The signal danger in multiplicitous indictments is that the defendant may be given multiple sentences for the same offense." United States v. Burns, 990 F.2d 1426, 1438 (4th Cir. 1993) (internal quotation marks and citations omitted). The prohibition on multiplicity is not violated, however, when multiple convictions are predicated on multiple discrete acts. United States v. Benoit, 713 F.3d 1, 16 (10th Cir. 2013).

Counts 4-13 of the indictment charge Mason with receipt of child pornography; Count 14 charges him with possession of child pornography. Although each receipt charge identifies as a predicate a particular pornographic file, the possession charge includes merely a general reference to "computer hard drives and computer media containing digital and computer images." As a

7

result of the indictment's failure to identify a distinct file as the basis of the possession charge, Mason contends that the jury theoretically could have voted to convict for both possession and receipt on the basis of identical pornographic material. Insofar as possession in this context may be considered a lesser-included offense of receipt, Mason argues that conviction for the two offenses on the basis of the same acts would violate the prohibition on multiplicity.[*]

Here, "the prosecutor's statements and the evidence at trial" indicate that the possession and receipt charges were predicated on distinct conduct. United States v. Halliday, 672 F.3d 462, 471 (7th Cir. 2012). As noted, Counts 4-13 collectively identify ten specific files that form the basis of the receipt allegations. At trial, however, the government presented evidence that Mason possessed approximately 10,000 pornographic images and videos. Moreover, the prosecutor commented in his opening statement that the possession charge was founded on Mason's "entire collection." The government's proof as to the possession count vastly exceeded the files listed by name in the receipt portions of the indictment. See

---

[*] Although our circuit has not formally decided whether possession is a lesser-included offense, see United States v. Brown, 701 F.3d 120, 125 n.6 (4th Cir. 2012), we need not do so here because we find that the relevant counts in Mason's indictment were in fact based on distinct conduct.

<u>United States v. Bobb</u>, 577 F.3d 1366, 1375 (11th Cir. 2009) (rejecting multiplicity claim in a similar case). Mason raised no multiplicity objection to the government's case at trial, and his multiplicity argument therefore fails under the <u>Olano</u> standard.

IV.

Mason next argues that the district court erred in admitting documents and testimony under Federal Rule of Evidence 414(a), which provides that "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant."

Under this rule, the district court permitted the introduction of certified documents relating to Mason's past convictions for taking indecent liberties with children. The culpable conduct, which involved the repeated sexual molestation of two boys aged 9 and 11, occurred from 1996-97. In addition to documentary evidence, the government was also permitted to introduce testimony from an investigator identifying the age and gender of the victims.

Mason does not contest that this evidence was facially admissible under Rule 414. Evidence admitted under Rule 414,

however, remains subject to the balancing test imposed by Rule 403, which requires that evidence "'be excluded if its probative value is substantially outweighed by the danger of unfair prejudice' to the defendant." United States v. Kelly, 510 F.3d 433, 437 (4th Cir. 2007) (quoting Fed. R. Evid. 403). We review a district court's decision to admit a particular item of evidence for abuse of discretion. United States v. Young, 248 F.3d 260, 266 (4th Cir. 2001).

We have previously determined that in applying Rule 403's balancing test to Rule 414 evidence, a court should consider several factors, including: "(i) the similarity between the previous offense and the charged crime, (ii) the temporal proximity between the two crimes, (iii) the frequency of the prior acts, (iv) the presence or absence of any intervening acts, and (v) the reliability of the evidence of the past offense." Kelly, 510 F.3d at 437.

Under these factors, it is plain that no abuse of discretion occurred here. Mason's present and past convictions were similar insofar as they both involved the exploitation of children. Although the earlier convictions were imposed 12 years prior to the instant indictment, that interval is still much shorter than the 22 year intervening period deemed acceptable in our Kelly decision. Id.

10

Furthermore, the acts underlying the prior convictions were frequent: Mason repeatedly molested his victims over the course of several months. The evidence demonstrating this conduct was also eminently reliable: the prosecution introduced both certified documents and testimony from an investigator personally involved in the earlier case. Mason's evidentiary objection therefore fails to establish an abuse of discretion on the part of the trial court.

V.

Finally, Mason argues that the 480-month sentence imposed by the district court is both procedurally and substantively unreasonable. Sentencing decisions are reviewed deferentially on appeal for abuse of discretion. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). This inquiry includes both a substantive and a procedural component. Gall v. United States, 552 U.S. 38, 51 (2007).

A.

The procedural prong of the reasonableness inquiry requires, as a threshold matter, that the sentencing court correctly calculate the applicable Guidelines range. Gall, 552 U.S. at 49. The district judge must then give "both parties an opportunity to argue for whatever sentence they deem appropriate," before proceeding to "consider all of the

11

§ 3553(a) factors to determine whether they support the sentence requested by a party." Id. at 49-50. The judge is required to "make an individualized assessment based on the facts presented." Id. at 50. "After settling on the appropriate sentence, he must adequately explain the chosen sentence...." Id.

Mason does not contest that the Guideline ranges were correctly calculated, nor does he deny that the court engaged in an extended sentencing dialogue with both parties, permitting them to voice their concerns and responding to particular arguments. In the course of this dialogue, the district court expressly tailored its decision to the specific facts of the case, noting, among other things, Mason's history of criminal activity and the extreme breadth of his pornography trafficking activities. It connected these observations to the criteria enumerated in 18 U.S.C. § 3553. The sentence imposed here thus satisfies the procedural requirements outlined in Gall.

B.

Mason's sentence is also substantively reasonable. The term of imprisonment imposed by the district court is within the Guidelines range and is therefore entitled to a presumption of reasonableness on appeal. United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006). Mason's sentence is supported both by the temporal and quantitative scope of his misconduct.

12

With respect to his contention that the Guidelines themselves are unreasonable, "the proper forum in which to raise this issue is Congress or the Sentencing Commission, not a federal court." United States v. Johnson, 445 F.3d 339, 344 (4th Cir. 2006). Mason has thus failed to demonstrate that the district court's sentencing ruling was substantively unreasonable.

VI.

For the foregoing reasons, we reject each of Mason's arguments. His convictions and sentence are affirmed.

AFFIRMED